Michael G. Burk (admitted *pro hac vice*)
burk@burklaw.com
The BURK LAW FIRM, P.C.
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825

[Additional Counsel for Plaintiff Listed on Signature Page]

*Attorneys for Plaintiff Large Audience Display Systems LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGE AUDIENCE DISPLAY SYSTEMS LLC<br><br>        Plaintiff,<br><br>            -vs-<br><br>TENNMAN PRODUCTIONS, LLC, et al.<br><br>        Defendants.<br>_____ ) | CASE NO. CV 11-03398 R (RZx)<br><br>**NOTICE OF APPEAL**<br><br><br><br><br><br><br>Hon. Manuel Real |

1  **NOTICE OF APPEAL**

2      Notice is hereby given that Plaintiff LARGE AUDIENCE DISPLAY

3  SYSTEMS LLC in the above named case appeals to the United States Court of Appeal

4  for the Federal Circuit from the orders granting Defendants' Motion for Recovery of

5  Attorneys' Fees, Costs and Expenses (Dckt. 223), including the Order Granting

6  Defendants' Motion for Attorney's Fees entered in this action on April 10, 2017 (Dckt.

7  257), the Order Granting Defendants' Motion for Recovery of Attorney's Fees, Costs,

8  and Expenses entered in this action on June 2, 2017 (Dckt. 265), and, finally, the

9  Amended Order Granting Defendants' Motion for Recovery of Attorney's Fees, Costs,

10  and Expenses entered in this action on June 9, 2017 (Dckt. 266), at which time

11  judgment on Defendants' Motion for Recovery of Attorney's Fees, Costs and Expenses

12  became final and appealable.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2     Dated: June 30, 2017

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE BURK LAW FIRM, P.C.**

By:    /s/ Michael G. Burk

Michael G. Burk (admitted *pro hac vice*)
burk@burklaw.com
Colten W. Smith, Of Counsel
(admitted *pro hac vice*)
smith@burklaw.com
248 Addie Roy Road, Suite A-203
Austin, Texas 78746
Phone: (512) 306-9828
Facsimile: (512) 306-9825

**MEYERTONS, HOOD, KIVLIN,
KOWERT & GOETZEL, P.C.**

Eric B. Meyertons (admitted *pro hac vice*)
emeyertons@intprop.com
Ryan T. Beard (admitted *pro hac vice*)
rbeard@intprop.com
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**JOHNSON AND PHAM LLP**

Christopher Q. Pham (#206697)
cpham@johnsonpham.com
Marcus F. Chaney (#245227)
mchaney@johnsonpham.com
6355 Topanga Canyon Blvd, Ste. 326
Woodland Hills, California 91367
Phone: (818) 888-7540
Facsimile: (818) 888-7544

*Attorneys for Plaintiff*
*Large Audience Display Systems LLC*

(RZx),APPEAL,CLOSED,DISCOVERY,PROTORD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:11-cv-03398-R-RZ
#### Internal Use Only

Large Audience Display Systems, LLC v. Tennman
Productions, LLC et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Ralph Zarefsky
Case in other court:  FEDERAL, 15-02040
                Texas Eastern, 2:09-cv-00356
Cause: 35:271 Patent Infringement

Date Filed: 04/21/2011
Date Terminated: 06/11/2012
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Large Audience Display Systems, LLC** | represented by | **Michael Gainer Burk** |

Burk Law Firm PC
248 Addie Roy Road Suite A-203
Austin, TX 78716
512-306-9828
Fax: 512-306-9825
Email: burk@burklaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Q Pham**
Johnson and Pham LLP
6355 Topanga Canyon Boulevard Suite
326
Woodland Hills, CA 91367
818-888-7540
Fax: 818-888-7544
Email: cpham@johnsonpham.com
*ATTORNEY TO BE NOTICED*

**Christopher L Pitet**
Johnson and Pham LLP
6355 Topanga Canyon Boulevard Suite
326
Woodland Hills, CA 91367
818-888-7540
Fax: 818-888-7544
Email: cpitet@octrials.com
*TERMINATED: 08/07/2015*
*ATTORNEY TO BE NOTICED*

**Colten W Smith**
The Burk Law Firm PC
248 Addie Roy Road Suite A-203
Austin, TX 78746
512-306-9828
Fax: 512-306-9825
Email: smith@burklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric B Meyertons**
Meyertons Hood Kivlin Kowert and
Goetzel PC
1120 South Capital of Texas Highway
Building 2 Suite 300
Austin, TX 78746
512-853-8888
Fax: 512-853-8801
Email: emeyertons@intprop.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacqueline Alexis Turner**
Lewis Brisbois Bisgaard and Smith
LLP
650 Town Center Drive Suite 1400
Costa Mesa, CA 92626
714-545-9200
Fax: 714 850-1030
Email:
Jacqueline.Turner@lewisbrisbois.com
*ATTORNEY TO BE NOTICED*

**Marcus F Chaney**
Johnson and Pham LLP
6355 Topanga Canyon Boulevard Suite
326
Woodland Hills, CA 91367
818-888-7540
Fax: 818-888-7544
Email: mchaney@johnsonpham.com
*ATTORNEY TO BE NOTICED*

**Michael J Grobaty**
Grobaty and Pitet LLP
100 Bayview Circle, Suite 210
Newport Beach, CA 92660
949-502-7755
Fax: 949 502 7762
Email: mgrobaty@grobatypitet.com

*TERMINATED: 07/23/2015*
*ATTORNEY TO BE NOTICED*

**Ryan T Beard**
Meyertons Hood Kivlin Kowert and
Goetzel PC
1120 South Capital of Texas Highway
Building 2 Suite 300
Austin, TX 78701
512-853-8833
Fax: 512-853-8801
Email: rbeard@intprop.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Tennman Productions, LLC**                    represented by    **Andrew S Langsam**
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
212-326-0180
Fax: 212-515-6969
Email: alangsam@pryorcashman.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Barry E Negrin**
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
212-326-0249
Fax: 212-515-6960
Email: bnegrin@pryorcashman.com
*TERMINATED: 01/30/2012*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Courtney L Baird**

Duane Morris LLP
750 B Street
Suite 2900
San Diego, CA 92101
619-744-2285
Fax: 619-923-3315
Email: clbunt@duanemorris.com
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
Pryor Cashman LLP
1801 Century Park East 24th Floor
Los Angeles, CA 90067
310-556-9608
Fax: 310-556-9670
Email: mniborski@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker Bunt and Ainsworth
100 East Ferguson Suite 1114
Tylor, TX 75702
903-531-3535
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
Parker Bunt and Ainsworth
100 East Ferguson Suite 1114
Tyler, TX 75702
903-531-3535
*ATTORNEY TO BE NOTICED*

**Sarah E Bell**
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
212-326-0401
Fax: 212-798-6912
*ATTORNEY TO BE NOTICED*

**Stephanie R Kline**
Pryor Cashman LLP
7 Times Square
New York, NY 10069
212-326-0437
Fax: 212-798-6942
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Justin Timberlake**

represented by **Andrew S Langsam**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Barry E Negrin**
(See above for address)
*TERMINATED: 01/30/2012*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney L Baird**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah E Bell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie R Kline**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Los Angeles Lakers, Inc.**
*TERMINATED: 08/08/2012*

represented by **Stanley M Gibson**
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars 7th Floor
Los Angeles, CA 90067-4308
310-203-8080
Fax: 310-203-0567
Email: smg@jmbm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
(See above for address)
*TERMINATED: 05/20/2011*
*ATTORNEY TO BE NOTICED*

**Courtney L Baird**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Bromall Sparkman**
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars 7th Floor
Los Angeles, CA 90067
310-203-8080
Fax: 310-203-0567
Email: jzb@jmbm.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
(See above for address)
*TERMINATED: 05/20/2011*
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
(See above for address)
*TERMINATED: 05/20/2011*

**Rod S Berman**
Jeffer Mangels Butler and Mitchell LLP

1900 Avenue of the Stars 7th Floor
Los Angeles, CA 90067-4308
310-203-8080
Fax: 310-203-0567
Email: rxb@jmbm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Britney Spears**                  represented by **Andrew S Langsam**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Barry E Negrin**
(See above for address)
*TERMINATED: 01/30/2012*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney L Baird**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah E Bell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie R Kline**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Britney Touring, Inc.**<br>*TERMINATED: 02/17/2012* | represented by | **Andrew S Langsam**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Barry E Negrin**
(See above for address)
*TERMINATED: 01/30/2012*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney L Baird**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J Niborski**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah E Bell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie R Kline**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pussycat Dolls, LLC**          represented by    **Aaron A Barlow**
*TERMINATED: 03/16/2010*                        Jenner & Block LLP - Chicago
353 N Clark St
Chicago, IL 60654
312-923-8308
Fax: 312-923-8408
*TERMINATED: 03/16/2010*
*PRO HAC VICE*

**J Thad Heartfield**
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX 77706
409-866-3318
Email: thad@jth-law.com
*TERMINATED: 03/16/2010*

**M. Dru Montgomery**
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX 77706
409/866-3318
Fax: 409/866-5789
*TERMINATED: 03/16/2010*
*PRO HAC VICE*

**Defendant**

**Steve Dixon**                  represented by    **Jeffrey Lee Crouch**
Basinger Leggett Clemons Bowling

Shore & Crouch, PLLC
2745 N. Dallas Parkway Suite 310
Plano, TX 75093
214-473-8686
Fax: 214-473-8685
*TERMINATED: 09/06/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew S Sprissler**
Music Tour Management, Inc.
60 Research Drive
Milford, CT 06460
203-508-4500
Fax: 203-306-3141
Email: matt@musictourmgmt.com
*LEAD ATTORNEY*

**Defendant**

**Music Tour Management, Inc.**    represented by  **Jeffrey Lee Crouch**
(See above for address)
*TERMINATED: 09/06/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew S Sprissler**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Spears King Pole Inc**    represented by  **Michael J Niborski**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/11/2009 | 1 | COMPLAINT against all defendants ( Filing fee $ 350 receipt number 05400000000002237107.), filed by Large Audience Display Systems, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit, # 3 Exhibit) (Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/11/2009) |
| 11/12/2009 | | Case Assigned to Judge T. John Ward. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/12/2009) |
| 11/12/2009 | 🔒 | (Court only) ***Set/Clear Flags (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/12/2009) |
| 11/12/2009 | 🔒 2 | E-GOV SEALED SUMMONS Issued as to Britney Spears, (Attachments: # 1 Britney Touring Inc., # 2 Justin Timberlake, # 3 Los |

| | | |
|---|---|---|
| | | Angeles Lakers (agent), # 4 Pussycat Dolls LLC, # 5 Tennman Productions LLS)(ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/12/2009) |
| 11/12/2009 | 3 | ORDER REFERRING CASE to Magistrate Judge Charles Everingham. Signed by Judge T. John Ward on 11/12/09. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/12/2009) |
| 11/12/2009 | 4 | Magistrate Consent Form Mailed to Large Audience Display Systems, LLC (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/12/2009) |
| 12/10/2009 | 5 | Agreed MOTION for Extension of Time to File Answer *for Los Angeles Lakers* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/10/2009) |
| 12/11/2009 | 6 | ORDER granting 5 Motion for Extension of Time to Answer. Los Angeles Lakers Inc deadline is extended to 1/30/2010. Signed by Magistrate Judge Charles Everingham on 12/11/09. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/11/2009) |
| 12/15/2009 | 7 | Joint MOTION for Extension of Time to File Answer *For Defendant Pussycat Dolls, LLC* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/15/2009) |
| 12/15/2009 | 8 | NOTICE of Attorney Appearance by J Thad Heartfield on behalf of Pussycat Dolls, LLC (Heartfield, J) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/15/2009) |
| 12/15/2009 | 9 | NOTICE of Attorney Appearance by M. Dru Montgomery on behalf of Pussycat Dolls, LLC (Montgomery, M.) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/15/2009) |
| 12/16/2009 | 10 | ORDER granting 7 Motion for Extension of Time to Answer. Dft PussyCat Dolls LLC deadline is extended to 1/29/2010. Signed by Magistrate Judge Charles Everingham on 12/16/09. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/16/2009) |
| 12/16/2009 | | Answer Due Deadline Updated for Pussycat Dolls, LLC to 1/29/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/16/2009) |
| 12/17/2009 | 11 | ***DEFICIENT DOCUMENT, PLEASE IGNORE.*** <br><br> Agreed MOTION for Extension of Time to File Answer *Britney Touring Inc.* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) Modified on 12/18/2009 (sm, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/17/2009) |
| 12/18/2009 | | NOTICE of DEFICIENCY regarding the #11 Agreed Motion to extend time submitted by Britney Touring, Inc.. Atty did not sign pleading. |

| | | Correction should be made by 1 business day and refiled. This motion is now terminated. (sm, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/18/2009) |
|---|---|---|
| 12/18/2009 | 12 | Agreed MOTION for Extension of Time to File Answer *Britney Touring, Inc.* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/18/2009) |
| 12/18/2009 | 13 | APPLICATION to Appear Pro Hac Vice by Attorney Sarah E Bell for Britney Touring, Inc.. (APPROVED, FEE PAID 2-1-5097) (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/18/2009) |
| 12/18/2009 | 14 | APPLICATION to Appear Pro Hac Vice by Attorney Barry E Negrin for Britney Touring, Inc.. (APPROVED, FEE PAID 2-1-5097) (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/18/2009) |
| 12/18/2009 | 15 | APPLICATION to Appear Pro Hac Vice by Attorney Andrew S Langsam for Britney Touring, Inc.. (APPROVED, FEE PAID 2-1-5097) (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/18/2009) |
| 12/18/2009 | 🔒 | (Court only) ***Motions terminated: 15 , 13 , 14 . (smo) (Entered: 07/29/2011) |
| 12/22/2009 | 16 | ORDER granting 12 Motion for Extension of Time to Answer. The deadline for Defendant, BRITNEY TOURING, INC., to file its Answer to Plaintiff's Complaint for Patent Infringement or to otherwise respond is extended to January 30, 2010. Signed by Magistrate Judge Charles Everingham on 12/22/09. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/22/2009) |
| 12/22/2009 | | Answer Due Deadline Updated for Britney Touring, Inc. to 1/30/2010. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/22/2009) |
| 01/07/2010 | 17 | Second MOTION for Extension of Time to File Answer *for Los Angeles Lakers, INC.* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/07/2010) |
| 01/08/2010 | 18 | ORDER granting 17 Motion for Extension of Time to Answer. Los Angeles Lakers Inc deadline is extended to 3/1/2010. Signed by Magistrate Judge Charles Everingham on 1/8/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/08/2010) |
| 01/08/2010 | | Answer Due Deadline Updated for Los Angeles Lakers, Inc. to 3/1/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/08/2010) |
| 01/19/2010 | 19 | APPLICATION to Appear Pro Hac Vice by Attorney Aaron A Barlow for Pussycat Dolls, LLC. (APPROVED, FEE PAID 2-1-5145) (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/19/2010) |

| 01/19/2010 | 🔒 | (Court only) ***Motions terminated: 19 . (smo) (Entered: 07/29/2011) |
|---|---|---|
| 01/22/2010 | 20 | Agreed MOTION for Extension of Time to File Answer *for Defendants Tennman Productions, LLC, Justin Timberlake, Britney Touring, INC & Britney Spears* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/22/2010) |
| 01/22/2010 | 21 | Joint MOTION for Extension of Time to File Answer *Pussycat Dolls* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/22/2010) |
| 01/25/2010 | 22 | ORDER granting 21 Motion for Extension of Time to Answer. Dft Pussycat Dolls LLC deadline is extended to 3/1/2010. Signed by Magistrate Judge Charles Everingham on 1/25/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/25/2010) |
| 01/25/2010 | | Answer Due Deadline Updated for Pussycat Dolls, LLC to 3/1/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/25/2010) |
| 01/25/2010 | 23 | ORDER granting 20 Motion for Extension of Time to Answer. Dft Tennman Productions LLC., Justin Timberlake, Britney Touring, Inc., and Britney Spears deadline is extended to 3/1/2010. Signed by Magistrate Judge Charles Everingham on 1/25/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/25/2010) |
| 01/25/2010 | | Answer Due Deadline Updated for Tennman Productions, LLC to 3/1/2010; Justin Timberlake to 3/1/2010; Britney Spears to 3/1/2010; Britney Touring, Inc. to 3/1/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/25/2010) |
| 02/09/2010 | 24 | NOTICE of Attorney Appearance by Ryan T Beard on behalf of Large Audience Display Systems, LLC (Beard, Ryan) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 02/09/2010) |
| 02/09/2010 | 25 | Additional Attachments to Main Document: 24 Notice of Attorney Appearance.. (Beard, Ryan) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 02/09/2010) |
| 02/19/2010 | 26 | APPLICATION to Appear Pro Hac Vice by Attorney Rod S Berman for Los Angeles Lakers, Inc.. (APPROVED, FEE PAID 6-1-0021141) (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 02/19/2010) |
| 02/19/2010 | 27 | APPLICATION to Appear Pro Hac Vice by Attorney Stanley M Gibson for Los Angeles Lakers, Inc.. (APPROVED, FEE PAID 6-1-0021141) (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 02/19/2010) |
| 02/19/2010 | 🔒 | (Court only) ***Motions terminated: 27 , 26 . (smo) (Entered: 07/29/2011) |
| | | |

| 03/01/2010 | 28 | Agreed MOTION for Extension of Time to File Answer *Los Angeles Lakers, Inc.* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/01/2010) |
| --- | --- | --- |
| 03/01/2010 | 29 | Agreed MOTION for Extension of Time to File Answer *Tennman Productions, Justin Timberlake, Britney Spears and Britney Touring* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/01/2010) |
| 03/01/2010 | 30 | ANSWER to 1 Complaint by Los Angeles Lakers, Inc..(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/01/2010) |
| 03/01/2010 | 31 | Joint MOTION for Extension of Time to File Answer re 1 Complaint by Large Audience Display Systems, LLC, Pussycat Dolls, LLC. (Attachments: # 1 Proposed Order)(Montgomery, M.) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/01/2010) |
| 03/02/2010 | 32 | ORDER granting 28 Motion for Extension of Time to Answer. Deadline for Defendant, LOS ANGELES LAKERS, INC., to file its Answer to Plaintiff's Complaint for Patent Infringement or to otherwise respond is extended to March 12,2010.. Signed by Magistrate Judge Charles Everingham on 3/2/10. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/02/2010) |
| 03/02/2010 | 33 | ORDER granting 29 Motion for Extension of Time to Answer. Deadline for Defendants, TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, BRITNEY TOURING, INC. and BRITNEY SPEARS, to file its Answer to Plaintiff's Complaint for Patent Infringement or to otherwise respond is extended to March 12, 2010.. Signed by Magistrate Judge Charles Everingham on 3/2/10. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/02/2010) |
| 03/02/2010 | 34 | ORDER granting 31 Motion for Extension of Time to Answer. the deadline for Defendant Pussycat Dolls LLC to answer or otherwise respond to Plaintiffs Complaint is hereby extended to and including March 12, 2010.. Signed by Magistrate Judge Charles Everingham on 3/2/10. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/02/2010) |
| 03/02/2010 | | Answer Due Deadline Updated for Tennman Productions, LLC to 3/12/2010; Justin Timberlake to 3/12/2010; Los Angeles Lakers, Inc. to 3/12/2010; Britney Spears to 3/12/2010; Britney Touring, Inc. to 3/12/2010; Pussycat Dolls, LLC to 3/12/2010. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/03/2010) |
| 03/10/2010 | 35 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Tennman Productions, LLC, Justin Timberlake, Los Angeles Lakers, Inc., Britney Spears, Britney Touring, Inc. (Bunt, Robert) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/10/2010) |

| 03/10/2010 | 36 | NOTICE of Attorney Appearance by Robert M Parker on behalf of Tennman Productions, LLC, Justin Timberlake, Los Angeles Lakers, Inc., Britney Spears, Britney Touring, Inc. (Parker, Robert) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/10/2010) |
|---|---|---|
| 03/10/2010 | 37 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Tennman Productions, LLC, Justin Timberlake, Britney Spears, Britney Touring, Inc. (Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/10/2010) |
| 03/11/2010 | 38 | ***FILED IN ERROR, PLEASE IGNORE.***<br><br>NOTICE by Large Audience Display Systems, LLC *Plaintiff's Notice of Dismissal Without Prejudice of All Claims Against Pussycat Dolls, LLC* (Attachments: # 1 Text of Proposed Order)(Burk, Michael) Modified on 3/12/2010 (sm, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/11/2010) |
| 03/12/2010 | 39 | NOTICE of Attorney Appearance by Andrew S Langsam on behalf of Tennman Productions, LLC, Justin Timberlake, Britney Spears (Langsam, Andrew) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/12/2010) |
| 03/12/2010 | 40 | NOTICE of Attorney Appearance by Barry E Negrin on behalf of Tennman Productions, LLC, Justin Timberlake, Britney Spears (Negrin, Barry) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/12/2010) |
| 03/12/2010 | 41 | NOTICE of Attorney Appearance by Sarah E Bell on behalf of Tennman Productions, LLC, Justin Timberlake, Britney Spears (Bell, Sarah) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/12/2010) |
| 03/12/2010 | 42 | ANSWER to 1 Complaint by Tennman Productions, LLC, Justin Timberlake, Britney Spears, Britney Touring, Inc..(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/12/2010) |
| 03/12/2010 | 43 | CORPORATE DISCLOSURE STATEMENT filed by Tennman Productions, LLC, Justin Timberlake, Britney Spears, Britney Touring, Inc. (Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/12/2010) |
| 03/12/2010 | | ***FILED IN ERROR, WRONG EVENT USED, ATTY MUST REFILE USING CORRECT EVENT AND ATTACHING A PDF ORDER. Document # 38, Notice. PLEASE IGNORE.***<br><br>(sm, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/12/2010) |
| 03/12/2010 | 44 | NOTICE of Voluntary Dismissal by Large Audience Display Systems, LLC (Attachments: # 1 Text of Proposed Order)(Burk, Michael) (Additional attachment(s) added on 3/12/2010: # 2 Revised Order) (sm, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: |

| | | 03/12/2010) |
|---|---|---|
| 03/12/2010 | 45 | Unopposed MOTION for Leave to File Excess Pages by Tennman Productions, LLC, Justin Timberlake, Los Angeles Lakers, Inc., Britney Spears, Britney Touring, Inc.. (Attachments: # 1 Text of Proposed Order)(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/12/2010) |
| 03/12/2010 | 46 | Opposed MOTION to Change Venue by Tennman Productions, LLC, Justin Timberlake, Los Angeles Lakers, Inc., Britney Spears, Britney Touring, Inc.. (Attachments: # 1 Affidavit - Declaration of Andrew Langsam, # 2 Exhibit A to Declaration of Langsam, # 3 Exhibit B to Declaration of Langsam, # 4 Affidavit Declaration of James L. Perzik, # 5 Affidavit Declaration of Kevin Bilida, # 6 Affidavit of James Childress, # 7 Exhibit A to Affidavit of Childress, # 8 Affidavit Steve Dixon, # 9 Text of Proposed Order)(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/12/2010) |
| 03/16/2010 | 47 | ORDER granting 45 Motion for Leave to File Excess Pages.. Signed by Magistrate Judge Charles Everingham on 3/16/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/16/2010) |
| 03/16/2010 | 48 | ORDER granting 44 Notice of Voluntary Dismissal filed by Large Audience Display Systems, LLC as to deft Pussycat Dolls LLC. Signed by Judge T. John Ward on 3/16/10. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/16/2010) |
| 03/16/2010 | 🔒 | (Court only) *** Party Pussycat Dolls, LLC terminated., *** Attorney M. Dru Montgomery; Aaron A Barlow and J Thad Heartfield terminated. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/16/2010) |
| 03/16/2010 | 49 | CORPORATE DISCLOSURE STATEMENT filed by Large Audience Display Systems, LLC (Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/16/2010) |
| 03/16/2010 | 50 | MOTION to Strike by Large Audience Display Systems, LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/16/2010) |
| 03/16/2010 | 51 | Amended MOTION to Strike by Large Audience Display Systems, LLC. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/16/2010) |
| 03/23/2010 | 52 | Agreed MOTION for Extension of Time to File Response/Reply *to Defendants' Motion to Transfer Venue* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/23/2010) |
| 03/24/2010 | 53 | ORDER granting 52 Motion for Extension of Time to File Response/Reply re 46 Opposed MOTION to Change Venue Responses |

| | | |
|---|---|---|
| | | due by 4/30/2010 Dft shall have 17 days after the court rules on Dfts Joint Motion to Transfer to file response to Plaintiffs Motion to Strike. Signed by Magistrate Judge Charles Everingham on 3/24/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/24/2010) |
| 03/25/2010 | 54 | NOTICE of Attorney Appearance by Eric Bryant Meyertons on behalf of Large Audience Display Systems, LLC (Meyertons, Eric) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/25/2010) |
| 04/30/2010 | 55 | MOTION for Leave to File *First Amended Complaint and to Join Steve Dixon and Music Tour Management, Inc. as Additional Defendants* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order Order, # 2 Exhibit Exhibit)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 04/30/2010) |
| 04/30/2010 | 56 | AMENDED COMPLAINT against Britney Touring, Inc., Los Angeles Lakers, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake, Steve Dixon, Music Tour Management, Inc., filed by Large Audience Display Systems, LLC. (Attachments: # 1 Exhibit) (Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 04/30/2010) |
| 04/30/2010 | 57 | RESPONSE in Opposition re 46 Opposed MOTION to Change Venue *to the Central District of California filed by Large Audience Display Systems, LLC.* (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1-3, # 3 Exhibit 4, # 4 Exhibit 5)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 04/30/2010) |
| 04/30/2010 | 58 | Unopposed MOTION for Leave to File Excess Pages *for Plaintiff's Response to Defendants' Joint Motion to Transfer Venue to the Central District of California* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 04/30/2010) |
| 05/03/2010 | 59 | ORDER granting 58 Unopposed Motion for Leave to File Excess Pages for Plaintiff's Response in Opposition to Defendants' Joint Motion to Transfer Venue to The Central District of California. ORDER that Plaintiff may exceed the 15-page limit set by Local Rule CV-71a)(2) and file a Response in Opposition to Defendants' Joint Motion to Transfer Venue that is approximately 25 pages in lenght (not including exhibits). Signed by Magistrate Judge Charles Everingham on 5/3/10. (poa, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 05/04/2010) |
| 05/10/2010 | 60 | Unopposed MOTION for Leave to File Excess Pages *to Reply to Motion to Transfer Venue to the Central District of California* by Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Text of Proposed Order) (Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 05/10/2010) |
| 05/10/2010 | 61 | REPLY to Response to Motion re 46 Opposed MOTION to Change Venue *to the Central District of California filed by Britney Touring,* |

| | | |
|---|---|---|
| | | *Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake.* (Attachments: # 1 Affidavit of Andrew Langsam, # 2 Affidavit of Pamela Daniels)(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 05/10/2010) |
| 05/11/2010 | 62 | ORDER granting 60 Motion for Leave to File Excess Pages on their Reply to Motion to Transfer Venue. Signed by Magistrate Judge Charles Everingham on 5/11/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 05/11/2010) |
| 05/13/2010 | 63 | SUR-REPLY to Reply to Response to Motion re 46 Opposed MOTION to Change Venue *to the Central District of California filed by Large Audience Display Systems, LLC.* (Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 05/13/2010) |
| 05/17/2010 | 64 | Unopposed MOTION for Extension of Time to File *Answer to Plaintiff's Motion for Leave to Amend Its Original Complaint and to Join Steve Dixon and Music Tour Management, Inc. as Additional Defendants* by Britney Touring, Inc., Los Angeles Lakers, Britney Spears, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Text of Proposed Order)(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 05/17/2010) |
| 05/18/2010 | 65 | ORDER granting 64 Motion for Extension of Time to File. Defendants file their Motion for Leave to Extend Time to Answer Plaintiffs Motion for Leave to Amend Its Original Complaint and to Join Steve Dixon and Music Tour Management, Inc. as Additional Defendants on 5/21/2010. Signed by Magistrate Judge Charles Everingham on 5/18/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 05/18/2010) |
| 05/21/2010 | 66 | RESPONSE in Opposition re 55 MOTION for Leave to File *First Amended Complaint and to Join Steve Dixon and Music Tour Management, Inc. as Additional Defendants filed by Britney Touring, Inc., Los Angeles Lakers, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake.* (Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 05/21/2010) |
| 06/01/2010 | 67 | REPLY to Response to Motion re 55 MOTION for Leave to File *First Amended Complaint and to Join Steve Dixon and Music Tour Management, Inc. as Additional Defendants filed by Large Audience Display Systems, LLC.* (Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 06/01/2010) |
| 06/29/2010 | 68 | ORDER granting 55 Motion for Leave to File amended complaint. Plaintiff may amend its original complaint to join Steve Dixon and Music Tour Management, Inc. as additional defendants. Signed by Magistrate Judge Charles Everingham on 6/29/10. (ehs, )[Transferred from Texas Eastern on 4/21/2011.] (Entered: 06/29/2010) |
| 06/30/2010 | 69 | E-GOV SEALED SUMMONS Issued as to Steve Dixon, Music Tour Management, Inc.. (Attachments: # 1 Music Tour)(ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 06/30/2010) |

| 07/16/2010 | 70 | *First Amended* ANSWER to 56 Amended Complaint, by Los Angeles Lakers, Inc..(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 07/16/2010) |
| 07/16/2010 | 71 | Unopposed MOTION for Extension of Time to File Answer re 56 Amended Complaint, by Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Text of Proposed Order)(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 07/16/2010) |
| 07/19/2010 | 72 | ORDER granting 71 Motion for Extension of Time to Answer. Defendants Tennman Productions, LLC (Tennman Productions); Justin Timberlake (Timberlake); Britney Tours, LLC. s/h/a Britney Touring Inc. (Britney Tours); and the Co-Conservators of the Estate of Britney Jean Spears (Co- Conservators), on behalf of defendant Britney Jean Spears (Spears) s/h/a Britney Spears (Spears). Deadline extended to 7/23/10. Signed by Magistrate Judge Charles Everingham on 7/19/10. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 07/19/2010) |
| 07/19/2010 | | Answer Due Deadline Updated for Britney Touring, Inc. to 7/23/2010; Britney Spears to 7/23/2010; Tennman Productions, LLC to 7/23/2010; Justin Timberlake to 7/23/2010. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 07/19/2010) |
| 07/22/2010 | 73 | NOTICE by Britney Touring, Inc., Los Angeles Lakers, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake re 46 Opposed MOTION to Change Venue *of Supplemental Authority* (Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 07/22/2010) |
| 07/22/2010 | 74 | *Defendants' First Amended* ANSWER to 56 Amended Complaint, by Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake.(Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 07/22/2010) |
| 07/28/2010 | 75 | RESPONSE to 73 Notice (Other) *Defendants Notice of Supplemental Authority Regarding Motion to Transfer Venue* by Large Audience Display Systems, LLC. (Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 07/28/2010) |
| 08/14/2010 | 76 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Steve Dixon, Music Tour Management, Inc.. ( Crouch, Jeffrey) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 08/14/2010) |
| 08/16/2010 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for Steve Dixon to 9/16/2010; Music Tour Management, Inc. to 9/16/2010. 30 Days Granted for Deadline Extension.( sm, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 08/16/2010) |
| 08/16/2010 | | (Court only) ***Motions terminated: 76 . (smo) (Entered: 07/29/2011) |

| 09/10/2010 | 77 | Defendants' Unopposed Second Application for Extension of Time to Answer Complaint re Steve Dixon, Music Tour Management, Inc.. ( Crouch, Jeffrey) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 09/10/2010) |
|---|---|---|
| 09/10/2010 |  | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for Steve Dixon to 10/1/2010; Music Tour Management, Inc. to 10/1/2010. 15 Days Granted for Deadline Extension.( sm, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 09/10/2010) |
| 09/10/2010 | 🔖 | (Court only) ***Motions terminated: 77 . (smo) (Entered: 07/29/2011) |
| 10/01/2010 | 78 | MOTION to Dismiss by Steve Dixon, Music Tour Management, Inc.. (Attachments: # 1 Declaration of Steve Dixon)(Crouch, Jeffrey) (Additional attachment(s) added on 10/1/2010: # 2 Text of Proposed Order) (ch, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 10/01/2010) |
| 10/14/2010 | 79 | Unopposed MOTION for Extension of Time to File Response/Reply *in Opposition to Defendants Steve Dixon's and Music Tour Management, Inc.'s Motion to Dismiss* by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order Order Granting Motion for Extension of Time)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 10/14/2010) |
| 10/15/2010 | 80 | ORDER granting 79 Motion for Extension of Time to File Response/Reply re 78 MOTION to Dismiss Responses due by 10/29/2010. IT IS FURTHER ORDERED that all relief not expressly granted herein is DENIED. Signed by Magistrate Judge Charles Everingham on 10/15/2010. (ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 10/15/2010) |
| 10/29/2010 | 81 | ***DEFICIENT DOCUMENT, PLEASE IGNORE.*** RESPONSE in Opposition re 78 MOTION to Dismiss *filed by Large Audience Display Systems, LLC*. (Attachments: # 1 Text of Proposed Order Order Denying Defendants Steve Dixon's and Music Tour Management, Inc.'s Motion to Dismiss)(Burk, Michael) Modified on 11/1/2010 (sm, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 10/29/2010) |
| 11/01/2010 |  | NOTICE of DEFICIENCY regarding the #81 Response in opposition submitted by Large Audience Display Systems, LLC. Exhibits not properly attached and identified. Correction should be made by 1 business day and refiled. (sm, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/01/2010) |
| 11/01/2010 | 82 | ***FILED IN ERROR. PLEASE IGNORE.*** RESPONSE in Opposition re 78 MOTION to Dismiss *filed by Large Audience Display Systems, LLC*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Text of Proposed Order Order Denying |

| | | |
|---|---|---|
| | | Defendants Steve Dixons and Music Tour Managements Motion to Dismiss)(Burk, Michael) Modified on 11/1/2010 (ch, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/01/2010) |
| 11/01/2010 | | ***FILED IN ERROR. NOT IN PDF SEARCHABLE FORMAT. Document # 82, Response in Opposition. PLEASE IGNORE.***<br><br>(ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/01/2010) |
| 11/01/2010 | 83 | RESPONSE in Opposition re 78 MOTION to Dismiss *filed by Large Audience Display Systems, LLC*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Text of Proposed Order Order Denying Defendants Steve Dixons and Music Tour Managements Motion to Dismiss)(Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/01/2010) |
| 11/08/2010 | 84 | REPLY to Response to Motion re 78 MOTION to Dismiss *filed by Steve Dixon, Music Tour Management, Inc.*. (Crouch, Jeffrey) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/08/2010) |
| 11/12/2010 | 85 | SUR-REPLY to Reply to Response to Motion re 78 MOTION to Dismiss *filed by Large Audience Display Systems, LLC.* (Burk, Michael) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/12/2010) |
| 11/23/2010 | 86 | RESPONSE to Motion re 78 MOTION to Dismiss *(Response to Plaintiff's Sur-Reply) filed by Steve Dixon, Music Tour Management, Inc.*. (Attachments: # 1 Affidavit Declaration of Steve Dixon)(Crouch, Jeffrey) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 11/23/2010) |
| 12/29/2010 | 87 | NOTICE by Britney Touring, Inc., Los Angeles Lakers, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake re 46 Opposed MOTION to Change Venue *Further Notice of Supplemental Authority Regarding Motion to Transfer Venue* (Ainsworth, Charles) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 12/29/2010) |
| 01/20/2011 | 88 | Status Conference set for 2/16/2011 09:00 AM before Judge T. John Ward and Honorable Chad Everingham. The purpose of the conference will be to assign a claim construction hearing date and a trial setting. The parties shall submit their proposed docket control and discovery orders to the court on March 2, 2011. Signed by Judge T. John Ward on 1/20/11. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/20/2011) |
| 01/20/2011 | 89 | NOTICE by Britney Touring, Inc., Los Angeles Lakers, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake re 46 Opposed MOTION to Change Venue *Defendants' Second Further Notice of Supplemental Authority* (Ainsworth, Charles)[Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/20/2011) |
| 01/21/2011 | | Set/Reset Hearings: Status Conference set for 2/16/2011 09:00 AM |

| | | |
|---|---|---|
| | | before Judge T. John Ward. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 01/21/2011) |
| 02/16/2011 | | Minute Entry for proceedings held before Judge T. John Ward and Judge Charles Everingham: Status Conference held on 2/16/11. Counsel for the parties appeared and were asked if they consented to Judge Everingham. Depending on their answer, they were then given Markman and jury selection dates for the appropriate court. The parties are to meet and confer regarding a scheduling order and discovery order, and the parties are to submit the proposed orders within 14 days of todays date. Court adjourned. (Court Reporter Susan Simmons.) (delat, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 02/16/2011) |
| 02/16/2011 | | Minute Entry for proceedings held before Judge T. John Ward and Judge Charles Everingham: Status Conference held on 2/16/11. Counsel for the parties appeared and were asked if they consented to Judge Everingham. Depending on their answer, they were then given Markman and jury selection dates for the appropriate court. The parties are to meet and confer regarding a scheduling order and discovery order, and the parties are to submit the proposed orders within 14 days of todays date. Court adjourned. (Court Reporter Susan Simmons.) (bga, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 02/16/2011) |
| 03/02/2011 | 90 | ***FILED IN ERROR, PLEASE IGNORE.*** <br><br> Submission of Proposed Agreed Discovery order by Large Audience Display Systems, LLC. (Beard, Ryan) Modified on 3/3/2011 (sm, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/02/2011) |
| 03/02/2011 | 91 | ***FILED IN ERROR, PLEASE IGNORE.*** <br><br> Submission of Proposed Agreed Docket Control/Scheduling order by Large Audience Display Systems, LLC. (Beard, Ryan) Modified on 3/3/2011 (sm, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/02/2011) |
| 03/03/2011 | | ***FILED IN ERROR, ORDERS WERE THE MAIN DOCUMENT INSTEAD OF BEING ATTACHED, ATTY MUST REFILE. Document # 90 and #91, Submission of Agreed Order. PLEASE IGNORE.*** <br><br> (sm, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/03/2011) |
| 03/03/2011 | 92 | ***FILED IN ERROR. PER ATTORNEY PLEASE IGNORE.*** <br><br> Submission of Agreed Docket Control and Discovery Orders by Large Audience Display Systems, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order)(Beard, Ryan) Modified on 3/3/2011 (sm, ). (Additional attachment(s) added on 3/3/2011: # 3 REVISED |

| | | |
|---|---|---|
| | | DOCKET CONTROL ORDER, # 4 REVISED DISCOVERY ORDER) (sm, ). Modified on 3/4/2011 (ch, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/03/2011) |
| 03/04/2011 | | ***FILED IN ERROR. PER ATTORNEY Document # 92, Submission of Orders. PLEASE IGNORE.***<br><br>(ch, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/04/2011) |
| 03/08/2011 | 93 | NOTICE of Disclosure by Large Audience Display Systems, LLC (Beard, Ryan) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/08/2011) |
| 03/08/2011 | 94 | JOINT Submission of Discovery and DOcket Control Orders by Large Audience Display Systems, LLC. (Attachments: # 1 DOCKET CONTROL ORDER, # 2 DISCOVERY ORDER)(Beard, Ryan) Modified on 3/9/2011 (sm, ). [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/08/2011) |
| 03/09/2011 | | NOTICE FROM CLERK re 94 Submission of JOINT Proposed Agreed Docket Control/Scheduling, and Discovery Order. This entry has been modified to reflect the exhibits to propertly identify them as proposed orders. (sm, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/09/2011) |
| 03/30/2011 | 95 | MEMORANDUM OPINION and ORDER - granting Defendants motion to transfer venue to the Central District of California. Signed by Magistrate Judge Charles Everingham on 3/30/11. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 03/30/2011) |
| 04/20/2011 | | Interdistrict Electronic transfer to the Central District of California. (ehs, ) [Transferred from Texas Eastern on 4/21/2011.] (Entered: 04/20/2011) |
| 04/21/2011 | 🔒 96 | ORIGINAL file, certified copy of transfer order and docket sheet received from Texas Eastern (Entered: 04/21/2011) |
| 04/21/2011 | 97 | NOTICE OF RECEIPT OF CASE TRANSFERRED IN: Formerly case number 2:09-cv-0356-TJW-CE from USDC Eastern District of Texas. The above-referenced case has been transferred to this district and assigned the above civil case number 2:11-cv-03398 AHM (RZx). (et) (Entered: 04/21/2011) |
| 04/21/2011 | 98 | NOTICE TO COUNSEL RE: Copyright, Patent and Trademark Reporting Requirements. Counsel shall file the appropriate AO-120 and/or AO-121 form with the Clerk within 10 days. (Attachments: # 1 Form AO-120) (et) (Entered: 04/21/2011) |
| 04/21/2011 | 99 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Michael Gainer Burk for Plaintiff Large Audience Display Systems, LLC. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident |

| | | |
|---|---|---|
| | | Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 100 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Eric Bryant Meyertons for Plaintiff Large Audience Display Systems, LLC. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 101 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Ryan T Beard for Plaintiff Large Audience Display Systems, LLC. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 102 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Andrew S Langsam for Defendants Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 103 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Barry E Negrin for Defendants Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: |

| | | 04/21/2011) |
|---|---|---|
| 04/21/2011 | 104 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Charles Ainsworth for Defendants Britney Touring, Inc., Los Angeles Lakers, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 105 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Robert M Parker for Defendants Britney Touring, Inc., Los Angeles Lakers, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 106 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Sarah E Bell for Defendants Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 107 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Jeffrey Lee Crouch for Defendants Steve Dixon, Music Tour Management, Inc. Your Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 108 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Robert Christopher Bunt for Defendants Britney Touring, Inc., Los Angeles Lakers, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. Your Pro Hac Vice application has not been |

| | | received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $275.00 fee and this notice immediately. Out-of-state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application; no filing fee is required. (et) (Entered: 04/21/2011) |
| 04/21/2011 | 🔒 | (Court only) ***Set/Clear Flags (et) (Entered: 04/21/2011) |
| 05/02/2011 | 109 | NOTICE of Change of Attorney Information for attorney Christopher L Pitet counsel for Plaintiff Large Audience Display Systems, LLC. Adding Christopher L. Pitet as attorney as counsel of record for Large Audience Display Systems, LLC for the reason indicated in the G-06 Notice. Filed by Plaintiff Large Audience Display Systems, LLC (Pitet, Christopher) (Entered: 05/02/2011) |
| 05/02/2011 | 110 | REPORT ON THE FILING OF AN ACTION Regarding a Patent or a Trademark (Initial Notification) filed by Large Audience Display Systems, LLC. (Pitet, Christopher) (Entered: 05/02/2011) |
| 05/03/2011 | 111 | NOTICE of Change of Attorney Information for attorney Jacqueline Alexis Pirro counsel for Plaintiff Large Audience Display Systems, LLC. Adding Jacqueline A. Pirro as attorney as counsel of record for Large Audience Display Systems, LLC for the reason indicated in the G-06 Notice. Filed by Plaintiff Large Audience Display Systems, LLC (Pirro, Jacqueline) (Entered: 05/03/2011) |
| 05/03/2011 | 112 | NOTICE of Change of Attorney Information for attorney Jacqueline Alexis Pirro counsel for Plaintiff Large Audience Display Systems, LLC. Adding Michael J. Grobaty as attorney as counsel of record for Large Audience Display Systems, LLC for the reason indicated in the G-06 Notice. Filed by Plaintiff Large Audience Display Systems, LLC (Pirro, Jacqueline) (Entered: 05/03/2011) |
| 05/03/2011 | 🔒 | (Court only) ***Attorney Michael J Grobaty for Large Audience Display Systems, LLC added. (ak) (Entered: 05/04/2011) |
| 05/10/2011 | 113 | APPLICATION for attorney Andrew S. Langsam to Appear Pro Hac Vice(PHV Fee of $275 receipt number 0973-8629144 paid.) filed by Defendant Britney Touring, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Proposed Order)(Niborski, Michael) (Entered: 05/10/2011) |
| 05/10/2011 | 114 | APPLICATION for attorney Barry E. Negrin to Appear Pro Hac Vice (PHV Fee of $275 receipt number 0973-8629406 paid.) filed by Defendant Britney Touring, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Proposed Order)(Niborski, Michael) (Entered: 05/10/2011) |
| 05/12/2011 | 🔒 | (Court only) FINANCIAL ENTRY: Received $275.00 from MEYERTONS HOOD KIVILIN KOWERT & GOETZEL. as payment for PRO HAC VICE application fee for attorney RYAN T. BEARD. |

| | | (jo) (Entered: 05/12/2011) |
|---|---|---|
| 05/12/2011 | 🔒 | (Court only) FINANCIAL ENTRY: Received $275.00 from MEYERTONS HOOD KIVLIN KOWERT & GOETZEL. as payment for PRO HAC VICE application fee for attorney ERIC B MEYERTONS. (jo) (Entered: 05/12/2011) |
| 05/12/2011 | 115 | APPLICATION of Non-Resident Attorney Eric B. Meyertons to Appear Pro Hac Vice (PHV FEE PAID), filed by plaintiff Large Audience Display Systems, LLC. Lodged Proposed Order. (jp) (Entered: 05/13/2011) |
| 05/12/2011 | 116 | APPLICATION of Non-Resident Attorney Ryan T. Beard to Appear Pro Hac Vice. (PHV FEE PAID), filed by plaintiff Large Audience Display Systems, LLC. Lodged Proposed Order. (jp) (Entered: 05/13/2011) |
| 05/16/2011 | 119 | ORDER by Judge A. Howard Matz: granting 115 Application to Appear Pro Hac Vice by Attorney Eric B. Meyertons on behalf of Plaintiff, designating Michael J. Grobaty as local counsel. (lt) (Entered: 05/18/2011) |
| 05/16/2011 | 120 | ORDER by Judge A. Howard Matz: granting 116 Application to Appear Pro Hac Vice by Attorney Plaintiff on behalf of Ryan T. Beard, designating Michael J. Grobaty as local counsel. (lt) (Entered: 05/18/2011) |
| 05/17/2011 | 117 | ORDER by Judge A. Howard Matz: granting 113 Application to Appear Pro Hac Vice by Attorney Andrew S. Langsam on behalf of Defendants Tennman Productions, LLC, Justin Timberlake, Britney Touring, Inc., Britney Spears, designating Michael J. Niborski as local counsel. (lt) (Entered: 05/18/2011) |
| 05/17/2011 | 118 | ORDER by Judge A. Howard Matz: granting 114 Application to Appear Pro Hac Vice by Attorney Barry E. Negrin on behalf of Defendants Tennman Productions, LLC, Justin Timberlake, Britney Touring, Inc., Britney Spears, designating Michael J. Niborski as local counsel. (lt) (Entered: 05/18/2011) |
| 05/19/2011 | 121 | NOTICE of Change of Attorney Information for attorney Rod S Berman counsel for Defendant Los Angeles Lakers, Inc.. Adding Jessica C. Bromall as attorney as counsel of record for Defendant Los Angeles Lakers, Inc. for the reason indicated in the G-06 Notice. Filed by Defendant Los Angeles Lakers, Inc. (Berman, Rod) (Entered: 05/19/2011) |
| 05/19/2011 | 🔒 | (Court only) ***Attorney Jessica Cheyney Bromall for Los Angeles Lakers, Inc. added. (lt) (Entered: 05/20/2011) |
| 05/20/2011 | 122 | NOTICE OF WITHDRAWAL OF ATTORNEY filed by Defendant Los Angeles Lakers, Inc. (Bromall, Jessica) (Entered: 05/20/2011) |
| 06/15/2011 | 123 | APPLICATION for attorney Colten W. Smith to Appear Pro Hac Vice (PHV Fee of $275 receipt number 0973-8803406 paid.) filed by |

| | | Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Proposed Order)(Pirro, Jacqueline) (Entered: 06/15/2011) |
|---|---|---|
| 06/15/2011 | 124 | APPLICATION for attorney Michael G. Burk to Appear Pro Hac Vice (PHV Fee of $275 receipt number 0973-8803549 paid.) filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Proposed Order)(Pirro, Jacqueline) (Entered: 06/15/2011) |
| 06/15/2011 | 🔒 | (Court only) ***Attorney Colten W Smith and Michael G. Burk for Large Audience Display Systems, LLC added. (lt) (Entered: 06/17/2011) |
| 06/16/2011 | 125 | ORDER by Judge A. Howard Matz: granting 123 Application to Appear Pro Hac Vice by Attorney Colten W. Smith on behalf of Large Audience Display Systems, LLC, designating Christopher L. Pitet as local counsel. (lt) (Entered: 06/17/2011) |
| 06/16/2011 | 126 | ORDER by Judge A. Howard Matz: granting 124 Application to Appear Pro Hac Vice by Attorney Michael G. Burk on behalf of Large Audience Display Systems, LLC, designating Christopher L. Pitet as local counsel. (lt) (Entered: 06/17/2011) |
| 06/17/2011 | 127 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: APPLICATION for attorney Colten W. Smith to Appear Pro Hac Vice(PHV Fee of $275 receipt number 0973-8803406 paid.) 123 , APPLICATION for attorney Michael G. Burk to Appear Pro Hac Vice(PHV Fee of $275 receipt number 0973-8803549 paid.) 124 . The following error(s) was found: Other error(s) with document (s) are specified below. Other error(s) with document(s): Certificate of Good Standing are over 30 days old. Good Standing Certificates were issued May 5, 2011. Applications were filed on 6/15/11. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lt) (Entered: 06/17/2011) |
| 06/20/2011 | 128 | ORDER by Judge A. Howard Matz documents accepted as filed RE: APPLICATION for attorney Colten W. Smith to Appear Pro Hac Vice (PHV Fee of $275 receipt number 0973-8803406 paid.) 123 , APPLICATION for attorney Michael G. Burk to Appear Pro Hac Vice (PHV Fee of $275 receipt number 0973-8803549 paid.) 124 (se) (Entered: 06/20/2011) |
| 06/24/2011 | 129 | NOTICE of Change of Attorney Information for attorney Jacqueline Alexis Pirro counsel for Plaintiff Large Audience Display Systems, LLC. Filed by Plaintiff Large Audience Display Systems, LLC (Pirro, Jacqueline) (Entered: 06/24/2011) |
| 06/24/2011 | 130 | NOTICE of Change of Attorney Information for attorney Jacqueline Alexis Pirro counsel for Plaintiff Large Audience Display Systems, LLC. Filed by plaintiff Large Audience Display Systems, LLC (Pirro, Jacqueline) (Entered: 06/24/2011) |

| 07/18/2011 | 131 | ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE by Judge A. Howard Matz that this matter is set for a Scheduling Conference on 10/24/2011 at 1:30 PM. The conference will be held pursuant to FRCP 16(b). The parties reminded of their obligations under FRCP 26(a)(1) to disclose information (without awaiting a discovery request) and under Rule 26(f) to confer on a discovery plan not later than twenty-one (21) days prior to the scheduling conference and to file a report with the Court entitled "Joint Rule 26(f) Report" not later than fourteen (14) days after they confer. Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions. (jp) (Entered: 07/18/2011) |
| --- | --- | --- |
| 08/22/2011 | 🔒 132 | (Court only) Mail Returned addressed to Jeffrey Lee Crouch re Order, Set/Reset Hearing 131 . (kbr) (Entered: 08/23/2011) |
| 09/02/2011 | 133 | NOTICE of Withdrawal of Attorneys filed by defendant Steve Dixon, Music Tour Management, Inc.. (Sprissler, Matthew) (Entered: 09/02/2011) |
| 09/02/2011 | 134 | First REQUEST to Substitute attorney Matthew S. Sprissler in place of attorney Jeffrey L. Crouch filed by defendant Steve Dixon, Music Tour Management, Inc.. (Attachments: # 1 Proposed Order Order on Request for Substitution of Attorney)(Sprissler, Matthew) Modified on 9/6/2011 (se). (Entered: 09/02/2011) |
| 09/06/2011 | 135 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: First REQUEST to Substitute attorney Matthew S. Sprissler in place of attorney Jeffrey L. Crouch 134 . The following error(s) was found: There is no hearing date required for this event. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (se) (Entered: 09/06/2011) |
| 09/06/2011 | 136 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS by Courtroom Deputy Clerk of Judge A. Howard Matz: In accordance with the Notice to Filer Of Deficiencies In Electronically Filed Documents REGARDING: First Request to Substitute Attorney Matthew S. Sprissler 134 . The document is ACCEPTED as filed. The hearing date is VACATED. (jp) (Entered: 09/06/2011) |
| 09/06/2011 | 137 | MINUTES (IN CHAMBERS): ORDER by Judge A. Howard Matz: granting 134 Matthew Sprissler's Request to Substitute Attorney. Attorney Jeffrey Lee Crouch terminated. (se) (Entered: 09/06/2011) |
| 10/17/2011 | 138 | JOINT RULE 16(B) REPORT filed by Plaintiff Large Audience Display Systems, LLC. (Grobaty, Michael) (Entered: 10/17/2011) |
| 10/24/2011 | 139 | MINUTES OF Scheduling Conference held before Judge A. Howard Matz: Court adopts the proposed pretrial and trial dates as set forth in |

| | | |
|---|---|---|
| | | Exhibit B. to theJoint Rule 16(B) Report. The parties must submit a revised joint proposed schedule of pretrial dates by not later than 11/3/2011. The Court sets a Markman date of 9/27/2012 at 1:30 PM. Order to issue. The last day to conduct a settlement conference will be three weeks after the filing of the final Markman briefs (approximately, October 1, 2012). (see attached Minute Order for further information). Court Reporter: Cindy Nirenberg. (jp) (Entered: 10/26/2011) |
| 10/24/2011 | 140 | ORDER RE MARKMAN HEARING by Judge A. Howard Matz. The Court will has scheduled a Markman Hearing of 9/27/2012 at 1:30 PM. THE COURT WILL NOT CONSTRUE MORE THANSIX TERMS, UNLESS A PARTY DEMONSTRATES A COMPELLING CAUSE TO DO SO. (See attached Order for further details). By not later than one week before the Markman hearing, each party may file a Reply. Reply briefs shall not exceed 10 pages. (jp) (Entered: 10/26/2011) |
| 10/24/2011 | 141 | SCHEDULING AND CASE MANAGEMENT ORDER by Judge A. Howard Matz Amended Pleadings due by 2/13/2012; Last date to conduct settlement conference is 10/1/2012. All other dates and deadlines to be determined. (se) (Entered: 10/26/2011) |
| 11/03/2011 | 142 | NOTICE OF LODGING filed *Joint Notice of Lodging [proposed] Schedule of Pretrial Dates* re Report 138 (Burk, Michael) (Entered: 11/03/2011) |
| 11/04/2011 | 143 | AMENDED SCHEDULING AND CASE MANAGEMENT ORDER by Judge A. Howard Matz: Non-expert Discovery cut-off 1/14/2013; Motions to be filed by 1/28/2013; Final Pretrial Conference set for 4/8/2013 at 11:00 AM before Judge A. Howard Matz; Jury Trial set for 4/23/2013 at 08:00 AM before Judge A. Howard Matz. (se) (Entered: 11/04/2011) |
| 11/17/2011 | 144 | ANSWER *to First Amended Complaint* filed by defendant Steve Dixon, Music Tour Management, Inc..(Sprissler, Matthew) (Entered: 11/17/2011) |
| 11/17/2011 | 145 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Complaint 144 . The following error(s) was found: Local Rule 7.1-1 No Certification of Interested Parties. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (se) (Entered: 11/17/2011) |
| 11/21/2011 | 146 | NOTICE OF MOTION AND Joint MOTION to Stay Case pending outcome of reexamination *BY DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS* filed by defendant Los Angeles Lakers, Inc.. Motion set for hearing on 12/19/2011 at 10:00 AM before Judge A. Howard Matz. (Bromall, Jessica) (Entered: 11/21/2011) |

| | | |
|---|---|---|
| 11/21/2011 | [147](#) | MEMORANDUM in Support of Joint MOTION to Stay Case pending outcome of reexamination *BY DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS* [146](#) filed by Defendant Los Angeles Lakers, Inc.. (Bromall, Jessica) (Entered: 11/21/2011) |
| 11/21/2011 | [148](#) | DECLARATION of Andrew S. Langsam in support of Joint MOTION to Stay Case pending outcome of reexamination *BY DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS* [146](#) filed by Defendant Los Angeles Lakers, Inc.. (Attachments: # [1](#) Exhibit A Part 1, # [2](#) Exhibit A Part 2, # [3](#) Exhibit A Part 3, # [4](#) Exhibit A Part 4, # [5](#) Exhibit A Part 5, # [6](#) Exhibit B) (Bromall, Jessica) (Entered: 11/21/2011) |
| 11/28/2011 | [149](#) | **THIS DOCUMENT IS STRICKEN PURSUANT TO DOCKET ENTRY [153](#) ** NOTICE OF MOTION AND MOTION for Extend Time to File Answer to 12/8/2011 filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # [1](#) Proposed Order Order Granting Motion to Extend Time, # [2](#) Memorandum Memorandum of Points)(Burk, Michael) Modified on 11/29/2011 (kbr). (Entered: 11/28/2011) |
| 11/28/2011 | [150](#) | NOTICE OF ERRATA filed by Plaintiff Large Audience Display Systems, LLC. correcting MOTION for Extend Time to File Answer to 12/8/2011 [149](#) (Burk, Michael) (Entered: 11/28/2011) |
| 11/28/2011 | [151](#) | NOTICE OF LODGING filed *Corrected [Proposed] Order* re MOTION for Extend Time to File Answer to 12/8/2011 [149](#) (Attachments: # [1](#) Proposed Order)(Burk, Michael) (Entered: 11/28/2011) |
| 11/28/2011 | [152](#) | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Lodging [151](#) , Errata [150](#) , MOTION for Extend Time to File Answer to 12/8/2011 [149](#) . The following error(s) was found: Incorrect event selected.Hearing information is missing, incorrect, or not timely.Other error(s) with document(s) are specified below. The correct event is: Stipulation Extending Time to Answer. Other error(s) with document(s): Hearing date not necessary for stipulation. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (se) (Entered: 11/29/2011) |
| 11/29/2011 | [153](#) | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS by clerk to Judge A. Howard Matz. The document is stricken RE: MOTION for Extension of Time to File [149](#) . (kbr) (Entered: 11/29/2011) |
| | | |

| 11/29/2011 | 🔒 | (Court only) ***Motions terminated: MOTION for Extend Time to File Answer to 12/8/2011 149 . (kbr) (Entered: 11/29/2011) |
|---|---|---|
| 11/29/2011 | 154 | STIPULATION to Continue Hearing on Joint Motion to Stay Case Pending Outcome of Patent Reexamination from December 19, 2011 to January 9, 2012 filed by Defendants Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Declaration of Michael J. Niborski, # 2 Proposed Order)(Niborski, Michael) (Entered: 11/29/2011) |
| 12/02/2011 | 155 | ORDER by Judge A. Howard Matz GRANTING Stipulation to Continue motion hearing 154 : Motion to Stay Case Pending Outcome of Patent Reexamination continued to 1/9/2012 at 10:00 AM before Judge A. Howard Matz. Plaintiff to file its Opposition papers on or before December 8, 2011 and Defendants to file their Reply papers on or before December 23, 2011. (se) (Entered: 12/02/2011) |
| 12/02/2011 | 156 | APPLICATION for attorney Stephanie R. Kline to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973-9595114 paid.) filed by Defendant Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(Niborski, Michael) (Entered: 12/02/2011) |
| 12/02/2011 | 🔒 | (Court only) ***Attorney Stephanie R Kline for Britney Touring, Inc., Britney Spears, Tennman Productions, LLC and Justin Timberlake added. (lt) (Entered: 12/02/2011) |
| 12/02/2011 | 157 | ORDER by Judge A. Howard Matz: granting 156 Application to Appear Pro Hac Vice by Attorney Stephanie R. Kline on behalf of Defendants Britney Touring, Inc., Britney Spears, Tennman Productions, LLC and Justin Timberlake, designating Michael J. Niborski as local counsel. (lt) (Entered: 12/02/2011) |
| 12/08/2011 | 158 | MEMORANDUM in Opposition to Joint MOTION to Stay Case pending outcome of reexamination *BY DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS* 146 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 12/08/2011) |
| 12/08/2011 | 159 | DECLARATION of Michael G Burk in Opposition to Joint MOTION to Stay Case pending outcome of reexamination *BY DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS* 146 filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9) (Burk, Michael) (Entered: 12/08/2011) |
| 12/22/2011 | 160 | REPLY in support of Joint MOTION to Stay Case pending outcome of reexamination *BY DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC.,* |

| | | |
|---|---|---|
| | | *BRITNEY TOURING, INC., AND BRITNEY SPEARS* 146 *REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF JOINT MOTION OF DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS FOR STAY PENDING OUTCOME OF REEXAMINATION* filed by Defendant Los Angeles Lakers, Inc.. (Bromall, Jessica) (Entered: 12/22/2011) |
| 12/22/2011 | 161 | DECLARATION of Andrew S. Langsam in support of Joint MOTION to Stay Case pending outcome of reexamination *BY DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS* 146 *SUPPLEMENTAL DECLARATION OF ANDREW S. LANGSAM IN FURTHER SUPPORT OF JOINT MOTION OF DEFENDANTS TENNMAN PRODUCTIONS, LLC, JUSTIN TIMBERLAKE, THE LOS ANGELES LAKERS, INC., BRITNEY TOURING, INC., AND BRITNEY SPEARS FOR STAY PENDING OUTCOME OF REEXAMINATION* filed by Defendant Los Angeles Lakers, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bromall, Jessica) (Entered: 12/22/2011) |
| 01/04/2012 | 162 | MINUTE ORDER IN CHAMBERS by Judge A. Howard Matz. On the Court's own motion, the Court hereby takes OFF-CALENDAR and UNDER SUBMISSION Joint Motion to Stay Case Pending Outcome of Reexamination by Defendants Tennman Productions, LLC, Justin Timberlake, the Los Angeles Lakers, Inc., Britney Touring, Inc., and Britney Spears Filed by Defendant Los Angeles Lakers, Inc. 146 . The parties will be notified if a hearing is necessary. (kbr) (Entered: 01/04/2012) |
| 01/05/2012 | 163 | EX PARTE APPLICATION for Leave to File Sur-Reply filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Burk, Michael) (Entered: 01/05/2012) |
| 01/05/2012 | 164 | DECLARATION of Michael G. Burk in Support of EX PARTE APPLICATION for Leave to File Sur-Reply 163 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 01/05/2012) |
| 01/06/2012 | 165 | OPPOSITION In opposition to re: EX PARTE APPLICATION for Leave to File Sur-Reply 163 *MOVING DEFENDANTS OPPOSITION TO PLAINTIFFS EX PARTE APPLICATION FOR LEAVE TO FILE ADDITIONAL BRIEFING RE MOVING DEFENDANTS MOTION FOR STAY* filed by Defendant Los Angeles Lakers, Inc.. (Bromall, Jessica) (Entered: 01/06/2012) |
| 01/09/2012 | 166 | ORDER by Judge A. Howard Matz DENIED Ex Parte Application for Leave to File Sur-Reply 163 . (jp) (Entered: 01/10/2012) |
| 01/25/2012 | 167 | NOTICE NOTICE OF PATENT AND TRADEMARK OFFICES GRANT OF MOVING DEFENDANTS REQUEST FOR |

|  |  | REEXAMINATION filed by defendant Los Angeles Lakers, Inc.. (Attachments: # 1 Exhibit A)(Bromall, Jessica) (Entered: 01/25/2012) |
|---|---|---|
| 01/30/2012 | 168 | RESPONSE filed by Plaintiff Large Audience Display Systems, LLCto Notice (Other) 167 *OF PATENT AND TRADEMARK OFFICES GRANT OF MOVING DEFENDANTS REQUEST FOR REEXAMINATION* (Burk, Michael) (Entered: 01/30/2012) |
| 01/30/2012 | 169 | NOTICE of Change of Attorney Information for attorney Michael J Niborski counsel for Defendants Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake. Barry E. Negrin will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice. Filed by Defendant Tennman Productions, LLC (Niborski, Michael) (Entered: 01/30/2012) |
| 01/30/2012 | 🔒 | (Court only) *** Attorney Barry E Negrin terminated. (ak) (Entered: 01/31/2012) |
| 01/31/2012 | 170 | REPLY filed by Defendant Los Angeles Lakers, Inc. to Notice (Other) 167 , Response (non-motion) 168 *REPLY RE: NOTICE OF PATENT AND TRADEMARK OFFICES GRANT OF MOVING DEFENDANTS REQUEST FOR REEXAMINATION* (Berman, Rod) (Entered: 01/31/2012) |
| 02/01/2012 | 171 | REPLY filed by Defendants Britney Touring, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake to Notice (Other) 167 , Response (non-motion) 168 *Reply Re: Notice of Patent and Trademark Office's Grant of Moving Defendants' Request for Reexamination* (Niborski, Michael) (Entered: 02/01/2012) |
| 02/16/2012 | 172 | STIPULATION for Discovery as to VIEWING OF THE LAKERS ACCUSED CURTAIN SYSTEM filed by defendant Los Angeles Lakers, Inc.. (Attachments: # 1 Proposed Order)(Bromall, Jessica) (Entered: 02/16/2012) |
| 02/17/2012 | 173 | STIPULATION for Leave to File Second Amended Complaint filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Burk, Michael) (Entered: 02/17/2012) |
| 02/17/2012 | 174 | ORDER DECLINED by Magistrate Judge Ralph Zarefsky. Re Stipulation for Discovery 172 . (See document for details). (ib) (Entered: 02/17/2012) |
| 02/17/2012 | 175 | ORDER GRANTING PLAINTIFF LEAVE TO MANUALLY FILE ITS SECOND AMENDED COMPLAINT 173 by Judge A. Howard Matz that (1) As a consequence of the stipulation of the parties, Plaintiff Large Audience Display Systems LLC is granted leave to manually file its Second Amended Complaint and to name Spears King Pole, Inc. as a party defendant. Plaintiff shall manually file its Second Amended Complaint within five days of this order (see attached Order for further details). Britney Touring, Inc. is dismissed from this lawsuit without prejudice. (jp) (Entered: 02/17/2012) |
|  |  |  |

| | | |
|---|---|---|
| 02/23/2012 | 176 | SECOND AMENDED COMPLAINT against defendants Steve Dixon, Los Angeles Lakers, Inc., Music Tour Management, Inc., Britney Spears, Tennman Productions, LLC, Justin Timberlake, Spears King Pole Inc amending Amended Complaint 56 , filed by plaintiff Large Audience Display Systems, LLC. (jp) (jp). (Entered: 02/24/2012) |
| 03/02/2012 | 177 | NOTICE Joint Notice of Lodging filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Proposed Order)(Burk, Michael) (Entered: 03/02/2012) |
| 03/09/2012 | 178 | ORDER by Magistrate Judge Ralph Zarefsky denying stipulation for a protective order 177 . (ib) (Entered: 03/09/2012) |
| 04/10/2012 | 179 | NOTICE OF LODGING filed *by All Parties of Protective Order* re Order 178 (Attachments: # 1 [Proposed] Protective Order)(Niborski, Michael) (Entered: 04/10/2012) |
| 04/24/2012 | 180 | ORDER by Magistrate Judge Ralph Zarefsky denying 179 stipulation for a protective order. (See document for details). (ib) (Entered: 04/24/2012) |
| 05/01/2012 | 181 | NOTICE OF LODGING filed *BY ALL PARTIES OF PROPOSED PROTECTIVE ORDER* re Order 180 (Attachments: # 1 Proposed Protective Order)(Niborski, Michael) (Entered: 05/01/2012) |
| 05/15/2012 | 182 | PROTECTIVE ORDER by Magistrate Judge Ralph Zarefsky re Notice of Lodging 181 . (NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT). (ib) (Entered: 05/15/2012) |
| 05/29/2012 | 183 | MINUTES (IN CHAMBERS) by Judge A. Howard Matz: The Court GRANTS Defendants' Motion to Stay these proceedings 146 . Counsel for moving Defendants is ORDERED to file a status update on the Request for Reexamination every 90 days and when any significant developments occur. (jp) (Entered: 05/30/2012) |
| 06/11/2012 | 184 | ORDER REMOVING CASE FROM ACTIVE CASELOAD BY VIRTUE OF STAY by Judge A. Howard Matz, that this action is removed from the Court's active caseload until further application by the parties or Order of this Court. In the 5/29/2012 Order, counsel for moving defendants was ordered to file a status update on the Request for Reexamination every 90 days and when any significant developments occur. This Court retains jurisdiction over this action and this Order shall not prejudice any party to this action. (Made JS-6. Case Terminated.) (jp) (Entered: 06/12/2012) |
| 08/08/2012 | 185 | STIPULATION to Dismiss defendant Los Angeles Lakers, Inc. filed by defendant Los Angeles Lakers, Inc.. (Attachments: # 1 Proposed Order) (Bromall, Jessica) (Entered: 08/08/2012) |
| 08/08/2012 | 186 | ORDER DISMISSING WITH PREJUDICE ALL CLAIMS AGAINST THE LAKERS PURSUANT TO FED. R. CIV. P. 41(a)(2) by Judge A. Howard Matz. Based upon the Request of Plaintiff and the Stipulation 185 of the parties, that all claims against The Los Angeles Lakers Inc., |

| | | are dismissed with prejudice. Each party shall bear its own costs and attorneys' fees. (jp) (Entered: 08/09/2012) |
|---|---|---|
| 08/27/2012 | 187 | STATUS REPORT *OF PENDING REEXAMINATION PROCEEDING IN THE US PATENT OFFICE* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 08/27/2012) |
| 09/12/2012 | 188 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Patent or Trademark. (Closing). (Attachments: # 1 Order Dismissing Case) (jp) (Entered: 09/12/2012) |
| 11/26/2012 | 189 | STATUS REPORT *OF PENDING REEXAMINATION PROCEEDING IN THE US PATENT OFFICE* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 11/26/2012) |
| 02/25/2013 | 190 | STATUS REPORT *OF PENDING REEXAMINATION PROCEEDING IN THE US PATENT OFFICE* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 02/25/2013) |
| 02/27/2013 | 191 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge A. Howard Matz. ORDER case returned to the Clerk for random reassignment pursuant to General Order 08-05. Case randomly reassigned from Judge A. Howard Matz to Judge Manuel L. Real for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 11-03398 R(RZx). (rn) (Entered: 02/27/2013) |
| 03/06/2013 | 192 | ORDER RE: NOTICE TO COUNSEL upon filing of the complaint by Judge Manuel L. Real. READ CAREFULLY: FAILURE TO COMPLY MAY LEAD TO SANCTIONS (SEE ORDER FOR DETAILS). (wh) (Entered: 03/06/2013) |
| 05/28/2013 | 193 | STATUS REPORT *OF PENDING REEXAMINATION PROCEEDING IN THE US PATENT OFFICE* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 05/28/2013) |
| 08/26/2013 | 194 | STATUS REPORT *of Pending Reexamination Proceeding in the U.S. Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 08/26/2013) |
| 11/25/2013 | 195 | STATUS REPORT *of Pending Reexamination Proceeding in the US Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 11/25/2013) |
| 02/24/2014 | 196 | STATUS REPORT *of Pending Reexamination Proceeding in the U.S. Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 02/24/2014) |

| 03/26/2014 | 197 | First REQUEST to Substitute *Steven Dixon for Matthew Sprissler* filed by defendant Steve Dixon, Music Tour Management, Inc.. Request set for hearing on 4/11/2014 at 01:30 PM before Judge Manuel L. Real. (Attachments: # 1 Proposed Order G-01 Order)(Sprissler, Matthew) (Entered: 03/26/2014) |
|---|---|---|
| 03/28/2014 | 198 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: First REQUEST to Substitute *Steven Dixon for Matthew Sprissler* 197 . The following error(s) was found: Hearing date information is missing, incorrect, or not timely. Other error(s) with document(s): Erroneously set a hearing and time before the judge.. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 03/28/2014) |
| 03/28/2014 | 🔒 | (Court only) ***Terminated all deadlines and hearings. (pj) (Entered: 03/28/2014) |
| 03/31/2014 | 199 | ORDER DENYING by Judge Manuel L. Real: denying 197 Request to Substitute Attorney. (pj) (Entered: 04/01/2014) |
| 05/27/2014 | 200 | STATUS REPORT *of Pending Reexamination Proceeding in the U.S. Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 05/27/2014) |
| 08/25/2014 | 201 | STATUS REPORT *of Pending Reexamination Proceeding in the U.S. Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 08/25/2014) |
| 11/10/2014 | 202 | STATUS REPORT *of Pending Reexamination Proceeding in the US Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Exhibit A (Decision on Appeal))(Niborski, Michael) (Entered: 11/10/2014) |
| 12/09/2014 | 203 | STATUS REPORT *Regarding Reexamination Proceeding in the U.S. Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 12/09/2014) |
| 02/20/2015 | 204 | STATUS REPORT *Regarding Reexamination Proceeding in the US Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Akley, Benjamin) (Entered: 02/20/2015) |
| 04/03/2015 | 205 | STATUS REPORT *(FINAL) Regarding Reexamination Proceedings in the U.S. Patent Office* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 04/03/2015) |

| 04/03/2015 | 206 | NOTICE OF LODGING filed re Status Report 205 (Attachments: # 1 Proposed Order)(Niborski, Michael) (Entered: 04/03/2015) |
| 04/06/2015 | 207 | (STRICKEN) NOTICE OF MOTION AND MOTION for Order for Motion for Reinstatement filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Proposed Order Proposed Order for Reinstatement)(Burk, Michael) Modified on 4/21/2015 (cch). (Entered: 04/06/2015) |
| 04/06/2015 | 208 | MEMORANDUM in Support of MOTION for Order for Motion for Reinstatement 207 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 04/06/2015) |
| 04/21/2015 | 209 | MINUTE ORDER (IN CHAMBERS) STRIKING DOCUMENT by Judge Manuel L. Real.Plaintiff's Motion for Reinstatement (DOCKET NO. 207 ) filed on April 6, 2015, is hereby STRICKEN for failure to comply with Central District of California's Local Rule 6-1 and Local Rule 7-4. Counsel are directed to review and comply with the Local Rules. IT IS SO ORDERED. (cch) (Entered: 04/21/2015) |
| 04/21/2015 | 🔒 | (Court only) ***Motions terminated: MOTION for Order for Motion for Reinstatement 207 . (cch) (Entered: 04/21/2015) |
| 04/22/2015 | 210 | NOTICE OF MOTION AND MOTION to Lift Stay re LAWSUIT filed by Plaintiff Large Audience Display Systems, LLC. Motion set for hearing on 5/20/2015 at 10:00 AM before Judge Manuel L. Real. (Attachments: # 1 Proposed Order Granting Reinstatement)(Burk, Michael) (Entered: 04/22/2015) |
| 04/22/2015 | 211 | MEMORANDUM in Support of MOTION to Lift Stay re LAWSUIT 210 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 04/22/2015) |
| 04/22/2015 | 212 | NOTICE OF MOTION AND Amended MOTION to Lift Stay re LAWSUIT filed by Plaintiff Large Audience Display Systems, LLC. Motion set for hearing on 6/1/2015 at 10:00 AM before Judge Manuel L. Real. (Attachments: # 1 Proposed Order Granting Reinstatement) (Burk, Michael) (Entered: 04/22/2015) |
| 04/22/2015 | 213 | MEMORANDUM in Support of Amended MOTION to Lift Stay re LAWSUIT 212 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 04/22/2015) |
| 05/04/2015 | 214 | Plaintiff's Motion for Reinstatement of Action set for hearing on May 20, 2015 210 filed 4-22-15 is duplicative of Plaintiff's Motion for Reinstatement of Action 212 . Motion 210 set for an incorrect hearing date and corrected by Plaintiff's Motion 212 . THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cch) TEXT ONLY ENTRY (Entered: 05/04/2015) |
| 05/11/2015 | 215 | STIPULATION to Continue Hearing Date On Plaintiff's Motion For Reinstatement Of Action [Docket Nos. 212, 213] from June 1, 2015 to June 15, 2015 filed by Defendants Britney Spears, Spears King Pole |

| | | |
|---|---|---|
| | | Inc, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Declaration of Michael J. Niborski, # 2 Proposed Order)(Attorney Michael J Niborski added to party Spears King Pole Inc(pty:dft)) (Niborski, Michael) (Entered: 05/11/2015) |
| 05/11/2015 | 216 | OPPOSITION to Amended MOTION to Lift Stay re LAWSUIT 212 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 05/11/2015) |
| 05/11/2015 | 217 | DECLARATION of of Michael J. Niborski in Support of Opposition to Amended MOTION to Lift Stay re LAWSUIT 212 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Niborski, Michael) (Entered: 05/11/2015) |
| 05/12/2015 | 218 | ORDER GRANTING STIPULATION TO CONTINUE HEARING DATE ON PLAINTIFF'S MOTION FOR REINSTATEMENT OF ACTION by Judge Manuel L. Real, re Stipulation to Continue, 215 . IT IS HEREBY ORDERED that, based on the concurrently filed stiplation of the parties thereto, the hearing date on Plaintiff's Motion for Reinstatement of Action [Docket Nos. 212, 213] shall be reset from the current date of June 1, 2015 at 10:00 a.m. to the new date of June 15, 2015 at 10:00 a.m., (bp) (Entered: 05/13/2015) |
| 06/01/2015 | 219 | REPLY SUPPORT Amended MOTION to Lift Stay re LAWSUIT 212 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 06/01/2015) |
| 06/01/2015 | 220 | DECLARATION of Michael G. Burk Support Amended MOTION to Lift Stay re LAWSUIT 212 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 06/01/2015) |
| 06/09/2015 | 221 | SCHEDULING NOTICE TAKING MOTION UNDER SUBMISSION ON THE PAPERS WITHOUT NEED OF ORAL ARGUMENT by Judge Manuel L. Real. The Court has determined that Plaintiff's Amended Motion for Reinstatement of Action 212 set for hearing on June 15, 2015 at 10:00 A.M., is suitable for a decision on the papers as filed by all parties, without the need for oral argument; therefore, the said Motion is taken UNDER SUBMISSION on the papers as filed, and the hearing date of June 15, 2015 is VACATED and TAKEN OFF CALENDAR. The Court will issue its ruling on the matter in due course. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cch) TEXT ONLY ENTRY (Entered: 06/09/2015) |
| 06/16/2015 | 222 | ORDER LIFTING THE STAY IN THIS ACTION, MOOTING PLAINTIFF'S MOTION TO LIFT THE STAY, AND DISMISSING THE CASE WITH PREJUDICE by Judge Manuel L. Real: IT IS HEREBY ORDERED that the Court sua sponte lifts the stay and the Case is dismissed with prejudice. IT IS ALSO HEREBY ORDERED |

| | | |
|---|---|---|
| | | that Plaintiff's Motion for Reinstatement of Action 212 is MOOT. (gk) (Entered: 06/16/2015) |
| 06/30/2015 | 223 | NOTICE OF MOTION AND MOTION for Attorney Fees , *Costs, and Expenses* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. Motion set for hearing on 8/3/2015 at 10:00 AM before Judge Manuel L. Real. (Niborski, Michael) (Entered: 06/30/2015) |
| 06/30/2015 | 224 | DECLARATION of Andrew S. Langsam in support of NOTICE OF MOTION AND MOTION for Attorney Fees , *Costs, and Expenses* 223 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibt C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K-1, # 12 Exhibit K-2, # 13 Exhibit L-1, # 14 Exhibit L-2, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Exhibit R, # 21 Exhibit S, # 22 Exhibit T, # 23 Exhibit U, # 24 Exhibit V, # 25 Exhibit W)(Niborski, Michael) (Entered: 06/30/2015) |
| 07/09/2015 | 225 | STIPULATION to Continue Hearing on Defendants' Motion for Recovery of Attorneys' Fees, Costs, and Expenses from August 3, 2015 to August 17, 2015 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Declaration, # 2 Proposed Order)(Niborski, Michael) (Entered: 07/09/2015) |
| 07/10/2015 | 226 | ORDER GRANTING STIPULATION TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO RECOVER ATTORNEYS' FEES by Judge Manuel L. Real: Upon Stipulation 225 , IT IS HEREBY ORDERED that the hearing date on Defendants' Motion for Recovery of Attorneys' Fees, Costs and Expenses 223 shall be continued to 8/17/2015 at 10:00 AM before Judge Manuel L. Real. IT IS FURTHER ORDERED that Plaintiff's response in opposition to said Motion shall be due on 7/22/2015, and any reply filed by Defendants in support of said Motion shall be due on 8/3/2015. (gk) (Entered: 07/13/2015) |
| 07/21/2015 | 227 | REQUEST TO SUBSTITUTE ATTORNEY Christopher Q Pham, Johnson & Pham, LLP in place of attorney Christopher L Pitet, Grobaty and Pitet, LLP filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Proposed Order on Request for Approval of Substitution of Attorney) (Attorney Christopher Q Pham added to party Large Audience Display Systems, LLC(pty:pla)) (Pham, Christopher) (Entered: 07/21/2015) |
| 07/21/2015 | 228 | REQUEST TO SUBSTITUTE ATTORNEY Marcus F Chaney, Johnson & Pham, LLP in place of attorney Christopher L. Pitet, Grobaty and Pitet, LLP filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Proposed Order on Request for Approval of Substitution of Attorney) (Attorney Marcus F Chaney added to party Large Audience Display Systems, LLC(pty:pla)) |

| | | (Chaney, Marcus) (Entered: 07/21/2015) |
|---|---|---|
| 07/22/2015 | 229 | OPPOSITION to NOTICE OF MOTION AND MOTION for Attorney Fees , *Costs, and Expenses* 223 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 07/22/2015) |
| 07/22/2015 | 230 | DECLARATION of Michael Burk Opposition NOTICE OF MOTION AND MOTION for Attorney Fees , *Costs, and Expenses* 223 filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26a, # 27 Exhibit 26b, # 28 Exhibit 27, # 29 Exhibit 28)(Burk, Michael) (Entered: 07/22/2015) |
| 07/22/2015 | 231 | NOTICE OF LODGING filed re Declaration (Motion related),,, 230 (Burk, Michael) (Entered: 07/22/2015) |
| 07/22/2015 | 232 | NOTICE of Manual Filing filed by Plaintiff Large Audience Display Systems, LLC of Exhibits 5,6,7 and 28 to Declaration of Michael Burk. (Burk, Michael) (Entered: 07/22/2015) |
| 07/23/2015 | 233 | NOTICE of Manual Filing filed by Plaintiff Large Audience Display Systems, LLC of Application to File Under Seal and Proposed Order. (Burk, Michael) (Entered: 07/23/2015) |
| 07/23/2015 | 234 | NOTICE OF ERRATA TO NOTICE OF LODGING TO FILE NON-PAPER PHYSICAL EXHIBIT filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 07/23/2015) |
| 07/23/2015 | 235 | ORDER by Judge Manuel L. Real granting Request for Approval of Substitution of Attorney Christopher L. Pitet, Johnson & Pham, LLP for Defendant Large Audience Display Systems LLC in place of Christopher L. Pitet, Grobaby and Pitet LLP 228 . (gk) Modified on 7/24/2015 (gk). (Entered: 07/24/2015) |
| 07/23/2015 | 🔒 | (Court only) ADMINISTRATIVELY REOPENING REQUEST TO SUBSTITUTE ATTORNEY Christopher Q Pham, Johnson & Pham, LLP in place of attorney Christopher L Pitet, Grobaty and Pitet 227 . ***Motions terminated: Clean-up utility re REQUEST TO SUBSTITUTE ATTORNEY Marcus F Chaney, Johnson & Pham, LLP in place of attorney Christopher L. Pitet, Grobaty and Pitet, LLP 228 , Order granting Substitution was linked to the wrong Request. (gk) (Entered: 07/24/2015) |
| 07/23/2015 | 236 | ORDER by Judge Manuel L. Real granting Request for Approval of Substitution of Attorney Christopher L. Pitet, Johnson & Pham, LLP for Defendant Large Audience Display Systems LLC in place of Michael J. Grobaty, Grobaby and Pitet LLP 227 . (gk) (Entered: 07/24/2015) |

| 07/24/2015 | 🔒 | 237 | SEALED DOCUMENT - PLAINTIFF'S APPLICATION to File Under Seal Exhibits 5, 6, 7 and 28 to Declaration of Michael Burk in Support of Plaintiff's Response in Opposition to Defendants' Motion for Recovery of Attorneys' Fees. (gk) (Entered: 07/30/2015) |
| 07/24/2015 | 🔒 | 238 | SEALED DOCUMENT - ORDER GRANTING PLAINTIFF'S APPLICATION TO FILE UNDER SEAL EXHIBITS 5, 6, 7 AND 28 TO DECLARATION OF MICHAEL BURK IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECOVERY OF ATTORNEY'S FEES. (gk) (Entered: 07/30/2015) |
| 07/24/2015 | 🔒 | 239 | SEALED DOCUMENT - EXHIBITS 5, 6, 7 and 28 to Declaration of Michael Burk in Support of Plaintiff's Response in Opposition to Defendants' Motion for Recovery of Attorney's Fees. (gk) (Entered: 07/30/2015) |
| 08/03/2015 | | 240 | REPLY in Response to Plaintiff's Opposition to, and in Further Support of, NOTICE OF MOTION AND MOTION for Attorney Fees *, Costs, and Expenses* 223 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 08/03/2015) |
| 08/03/2015 | | 241 | DECLARATION of of Andrew S. Langsam in Support of Defendants' Reply in Response to Plaintiff's Opposition to, and in Further Support of, NOTICE OF MOTION AND MOTION for Attorney Fees *, Costs, and Expenses* 223 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Exhibit AA-BB, # 2 Exhibit CC, # 3 Exhibit DD-FF) (Niborski, Michael) (Entered: 08/03/2015) |
| 08/04/2015 | | 242 | NOTICE OF LODGING filed re REQUEST TO SUBSTITUTE ATTORNEY Christopher Q Pham, Johnson & Pham, LLP in place of attorney Christopher L Pitet, Grobaty and Pitet, LLP 227 , REQUEST TO SUBSTITUTE ATTORNEY Marcus F Chaney, Johnson & Pham, LLP in place of attorney Christopher L. Pitet, Grobaty and Pitet, LLP 228 (Attachments: # 1 Proposed Order on Request for Approval of Substitution of Attorney Christopher Q Pham, # 2 Proposed Order on Request for Approval of Substitution of Attorney Marcus F Chaney) (Pham, Christopher) (Entered: 08/04/2015) |
| 08/07/2015 | | 243 | CORRECTED ORDER by Judge Manuel L. Real Granting Request for Approval of Substitution of Attorney Marcus F. Chaney, Johnson & Pham, LLP, for Plaintiff Large Audience Display Systems LLC in place of Attorney Christopher L. Pitet, Grobaty and Pitet, LLP 228 . (gk) (Entered: 08/10/2015) |
| 08/07/2015 | | 244 | CORRECTED ORDER by Judge Manuel L. Real Granting Request for Approval of Substitution of Attorney Christopher Q. Pham, Johnson & Pham, LLP, for Plaintiff Large Audience Display Systems LLC in place of Attorney Christopher L. Pitet, Grobaty and Pitet, LLP 227 . (gk) (Entered: 08/10/2015) |

| 08/11/2015 | 245 | SCHEDULING NOTICE TAKING MOTION UNDER SUBMISSION ON THE PAPERS WITHOUT NEED OF ORAL ARGUMENT by Judge Manuel L. Real. The Court has determined that Defendants Britney Spears, Spears King Pole Inc., Tennman Productions, LLC., and Justin Timberlake's Motion for Attorney Fees, Costs, and Expenses 223 set for hearing on August 17, 2015 at 10:00 A.M., is suitable for a decision on the papers as filed by all parties, without the need for oral argument; therefore, the said Motion is taken UNDER SUBMISSION on the papers as filed, and the hearing date of August 17, 2015 is VACATED and TAKEN OFF CALENDAR. The Court will issue its ruling on the matter in due course. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cch) TEXT ONLY ENTRY (Entered: 08/11/2015) |
| --- | --- | --- |
| 08/18/2015 | 246 | ORDER GRANTING DEFENDANTS MOTION FOR ATTORNEYS FEES, COSTS, AND EXPENSES by Judge Manuel L. Real: IT IS HEREBY ORDERED Defendants Motion for Attorneys Fees, Costs, and Expenses in the total amount of $755,925.86, is GRANTED. (Dkt. No. 223). 223 , (pj) (Entered: 08/18/2015) |
| 09/15/2015 | 247 | NOTICE OF APPEAL to the Federal Circuit filed by Plaintiff Large Audience Display Systems, LLC. Appeal of Order on Motion for Attorney Fees, 246 (Appeal fee of $505 receipt number 0973-16447449 paid.) (Burk, Michael) (Entered: 09/15/2015) |
| 09/15/2015 |  | TRANSMISSION of the Notice of Appeal, Docket Sheet, Judgment and or order e-mailed to the US Court of Appeals for the Federal Circuit re: Notice of Appeal to Federal Circuit Court of Appeals 247 (mat) (Entered: 09/15/2015) |
| 09/16/2015 | 248 | NOTIFICATION by Circuit Court of Appellate Docket Number 15-2040, FEDERAL regarding Notice of Appeal to Federal Circuit Court of Appeal 247 as to plaintiff Large Audience Display Systems, LLC. (mat) (Entered: 09/18/2015) |
| 10/20/2016 | 249 | OPINION from Federal Circuit Court of Appeals filed. CCA # 2015-2040. The decision of the District Court is VACATED AND REMANDED. (mat) (Entered: 10/20/2016) |
| 11/28/2016 | 250 | MANDATE of Federal Circuit Court of Appeals filed re: NOTICE OF APPEAL to the Federal Circuit 247 , CCA # 15-2040. In accordance with the judgment of this Court, entered October 20, 2016, and pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, the formal mandate is hereby issued. [See USCA Opinion 249 vacate the district court's award of fees under § 285 and remand for further proceedings consistent with this opinion.] (mat) (Entered: 11/29/2016) |
| 01/27/2017 | 🔒 | (Court only) ADMINISTRATIVELY REOPENING NOTICE OF MOTION AND MOTION for Attorney Fees, Costs, and Expenses 223 . (gk) (Entered: 01/30/2017) |
| 01/27/2017 | 251 | MINUTE ORDER (IN CHAMBERS) ON MANDATE OF THE UNITED STATES COURT OF APPEAL FOR THE FEDERAL |

| | | |
|---|---|---|
| | | CIRCUIT VACATING AND REMANDING by Judge Manuel L. Real: Pursuant to the Mandate of the United States Court of Appeals for the Federal Circuit VACATING the district court's award of fees and REMANDING for further proceedings consistent with the opinion 250 , the hearing on Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake's Motion for Attorney Fees, Costs, and Expenses 223 is hereby SET on 3/6/2017 at 10:00 AM before Judge Manuel L. Real. The Court will review the briefs filed at the time of the initial motion filing. The Court, however, will allow supplemental briefs regarding the issues addressed in the Mandate. Defendants shall submit any supplemental brief on or before 2/6/2017. Plaintiff shall submit any supplemental brief on or before 2/13/2017. Court Reporter: None Present. (gk) (Entered: 01/30/2017) |
| 02/06/2017 | 252 | DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES re NOTICE OF MOTION AND MOTION for Attorney Fees *, Costs, and Expenses* 223 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 02/06/2017) |
| 02/13/2017 | 253 | PLAINTIFF'S SUPPLEMENTAL BRIEF ON REMAND OF DEFENDANTS' MOTION FOR RECOVERY OF ATTORNEYS' FEES, COSTS AND EXPENSES re NOTICE OF MOTION AND MOTION for Attorney Fees *, Costs, and Expenses* 223 filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 02/13/2017) |
| 02/21/2017 | 254 | Mail Returned addressed to Sarah E Bell re Minutes of In Chambers Order/Directive - no proceeding held,,,, Set/Reset Motion Hearing and R&R Deadlines,,, 251 (dgon) (Entered: 02/21/2017) |
| 02/28/2017 | 255 | TEXT ONLY SCHEDULING ORDER TAKING MOTION UNDER SUBMISSION ON THE PAPERS WITHOUT NEED OF ORAL ARGUMENT by Judge Manuel L. Real. The Court has determined that Defendants' Motion for Recovery of Attorneys' Fees, Costs and Expenses (Dckt. No. 223 ) set for hearing on March 6, 2017 at 10:00 A.M. is suitable for a decision on the papers as filed by all parties without the need for oral argument. Therefore, the said Motion is taken UNDER SUBMISSION on the papers as filed and the hearing date of March 6, 2017 is VACATED and TAKEN OFF CALENDAR. The Court will issue its ruling on the matter in due course. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (clee) TEXT ONLY ENTRY (Entered: 02/28/2017) |
| 03/03/2017 | 256 | Notice of Electronic Filing re Motion Related Document, 253 , Text Only Scheduling Notice,, 255 e-mailed to Jacqueline A. Turner bounced due to invalid email address. Notice of Electronic Filing resent addressed to jacqueline.turner@lewisbrisbois.com. Pursuant to Local Rules it is the attorneys obligation to maintain all personal contact information including e-mail address in the CM/ECF system. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rrey) |

| | | TEXT ONLY ENTRY (Entered: 03/03/2017) |
|---|---|---|
| 04/10/2017 | 257 | ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES by Judge Manuel L. Real: IT IS HEREBY ORDERED that Defendants' Motion for Attorney's Fees, Costs, and Expenses 223 is GRANTED in part. IT IS HEREBY FURTHER ORDERED that Defendant shall submit a motion in support of its requested attorney's fees addressing the issues detailed in this Order by 4/14/2017. Plaintiff may oppose by 4/21/2017 and Defendant may reply by 4/28/2017. (gk) (Entered: 04/10/2017) |
| 04/14/2017 | 258 | DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR RECOVERY OF ATTORNEYS' FEES, COSTS, AND EXPENSES re NOTICE OF MOTION AND MOTION for Attorney Fees *, Costs, and Expenses* 223 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Appendix, # 2 Exhibit A, # 3 Exhibit B)(Niborski, Michael) (Entered: 04/14/2017) |
| 04/21/2017 | 259 | OPPOSITION to NOTICE OF MOTION AND MOTION for Attorney Fees *, Costs, and Expenses* 223 *Plaintiff's Brief In Response To Defendants' Brief In Support Of Motion For Recovery Of Attorneys' Fees, Cost And Expenses* filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 04/21/2017) |
| 04/28/2017 | 260 | REPLY In Support Of *Motion For Recovery Of Attorneys' Fees, Costs, And Expenses* filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 04/28/2017) |
| 04/28/2017 | 261 | DECLARATION of Andrew S. Langsam In Support Of NOTICE OF MOTION AND MOTION for Attorney Fees *, Costs, and Expenses* 223 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R)(Niborski, Michael) (Entered: 04/28/2017) |
| 05/01/2017 | 262 | Plaintiff's Objections to Declaration of Andrew S. Langsam In Support of Defendants' Motion For Recovery Of Attorneys' Fees, Costs, and Expenses Opposition re: NOTICE OF MOTION AND MOTION for Attorney Fees *, Costs, and Expenses* 223 filed by Plaintiff Large Audience Display Systems, LLC. (Attachments: # 1 Proposed Order Proposed Order On Plaintiff's Objections to Declaration of Andrew S. Langsam In Support Of Defendants' Motion For Recovery Of Attorneys' Fees, Costs, and Expenses)(Burk, Michael) (Entered: 05/01/2017) |
| 05/02/2017 | 263 | RESPONSE TO PLAINTIFF'S OBJECTIONS TO DECLARATION OF ANDREW S. LANGSAM IN SUPPORT OF DEFENDANTS' |

| | | MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES re NOTICE OF MOTION AND MOTION for Attorney Fees , *Costs, and Expenses* 223 filed by Defendants Britney Spears, Spears King Pole Inc, Tennman Productions, LLC, Justin Timberlake. (Niborski, Michael) (Entered: 05/02/2017) |
| --- | --- | --- |
| 05/08/2017 | 264 | Mail Returned addressed to Stephanie R Kline, Pryor Cashman LLP, re Order on Motion for Attorney Fees 257 . (gk) (Entered: 05/11/2017) |
| 06/02/2017 | 265 | ORDER GRANTING DEFENDANTS' MOTION FOR RECOVERY OF ATTORNEY'S FEES, COSTS, AND EXPENSES by Judge Manuel L. Real: IT IS HEREBY ORDERED that Defendants' Motion for Attorney's Fees, Costs, and Expenses 223 is GRANTED in the amount of $737,012.34 in fees and $22,511.52 in costs as stated this Order. See document for further details. (gk) (Entered: 06/05/2017) |
| 06/09/2017 | 266 | AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR RECOVERY OF ATTORNEYS FEES, COSTS, AND EXPENSES by Judge Manuel L. Real. Before the Court is Defendants' Motion for Recovery of Attorney's Fees, Costs, and Expenses (Dkt. No. 258) which was filed on April 14, 2017 pursuant to this Court's order for further briefing (Dkt. No. 257). IT IS HEREBY ORDERED that Defendants' Motion for Attorney's Fees, Costs, and Expenses 223 is GRANTED in the amount of $737,012.34 in fees and $22,511.52 in costs as stated this Order. (iv) (Entered: 06/09/2017) |
| 06/15/2017 | 267 | REQUEST for Ruling On Plaintiff's Objections to Declaration of Andrew S. Langsam in Support of Defendants' Motion for Recovery of Attorney's Fees, Costs, and Expenses filed by Plaintiff Large Audience Display Systems, LLC. (Burk, Michael) (Entered: 06/15/2017) |
| 06/16/2017 | 🔒 | (Court only) ***Motions terminated: REQUEST for Ruling On Plaintiff's Objections to Declaration of Andrew S. Langsam in Support of Defendants' Motion for Recovery of Attorney's Fees, Costs, and Expenses 267 . (cch) (Entered: 06/16/2017) |
| 06/19/2017 | 268 | Mail Returned addressed to Stephanie R Kline re Order Awarding Attorney Fees 265 . (clee) (Entered: 06/26/2017) |
| 06/26/2017 | 269 | Mail Returned addressed to Stephanie R Kline re Amended Order Granting Defendants' Motion for Recovery of Attorneys Fees, Costs, and Expenses 266 . (clee) (Entered: 06/29/2017) |
| 06/30/2017 | 270 | NOTICE OF APPEAL to the Federal Circuit Court of Appeals filed by Plaintiff Large Audience Display Systems, LLC. Appeal of Order,, 266 , Order Awarding Attorney Fees, 265 . (Appeal Fee - $505 Fee Paid, Receipt No. 0973-20113117.) (Burk, Michael) (Entered: 06/30/2017) |
| 07/03/2017 | | TRANSMISSION of the Notice of Appeal, Docket Sheet, Judgment and or order e-mailed to the US Court of Appeals for the Federal Circuit re: Notice of Appeal to Federal Circuit Court of Appeals, 270 (mat) (Entered: 07/03/2017) |

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LARGE AUDIENCE DISPLAY SYSTEMS, LLC,

                    Plaintiff,

      v.

TENNMAN PRODUCTIONS, LLC, et al.,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 11-03398-R

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES

      Before the Court is Defendants' Motion for Attorney's Fees, Costs, and Expenses (Dkt. No. 223) which was filed on June 30, 2015. Previously, this Court granted Defendants' Motion for Attorney's Fees and Plaintiff appealed. (Dkt. No. 246). The Federal Circuit vacated the award of damages and remanded for proceedings consistent with its opinion. (Dkt. No. 249)

      A court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is one that "stands out" from the others. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). In determining whether a case stands out from the others, a court may consider the totality of the circumstances including frivolousness, objective unreasonableness, and the strength of a party's position. *Id.* If the case is found to be exceptional, then a court calculates the attorney's fees based on the traditional lodestar

method.  The lodestar figure is calculated by multiplying the reasonable hours expended by a reasonable hourly rate.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it."  *Id* (citation omitted).

The Federal Circuit held that in its previous order granting an award of attorney's fees, this Court abused its discretion by improperly weighing factors and misunderstanding the record before it.  In its prior decision finding this case to be exceptional, this Court relied on (i) Plaintiff's corporate formation in Texas, (ii) Plaintiff's constructions to the Patent and Trademark Office ("PTO"), (iii) Plaintiff's submission of its information disclosure statement ("IDS") to the PTO, and (iv) Plaintiff's use of an email that was inadvertently sent to Plaintiff's counsel discussing Defendants' assessment of the case.  On remand, the Federal Circuit instructed that this Court may properly consider Plaintiff's "use of the Langsam email to oppose Appellees' motion for attorney's fees, its opposition to the motion to transfer venue . . . , and the objective reasonableness of [Plaintiff's] claims given the standards and burdens that apply in district court." (Dkt. No. 249, p. 11.)

This Court finds that the case is exceptional within the meaning of Section 285 and *Octane Fitness*.  At each stage of this litigation, Plaintiff and its counsel exhibited exceptional conduct justifying an award of attorney's fees.  Plaintiff's corporate formation in relation to the Motion to Transfer, Plaintiff's positions taken before the PTO, and Plaintiff's use of a privileged email in opposition to the Motion for Attorney's Fees render this case exceptional.

First, Plaintiff's corporate entity was formed two days before the filing of this lawsuit. Plaintiff never conducted business in Texas aside from the opening of an office.  In 2012, Plaintiff failed to pay taxes due on the corporate entity, and it ceased to exist.  Furthermore, the original owner of the patent, and only member of Large Audience Display System, LLC, resided in the Central District of California and transferred the patent to Plaintiff shortly before filing this lawsuit.  These facts, among others, cause the Court to find that Plaintiff was formed in order to defeat a change of venue and keep the case in the Eastern District of Texas.  This type of litigation

gamesmanship stands out from the ordinary case and necessitated significant work by Defendants in response.

Second, Plaintiff's asserted constructions at the PTO were objectively weak. For example, Plaintiff argued that the term "large" in reference to the size of an audience viewing the display system could only mean hundreds of people. (Ex. M, p. 9-10). However, an example given in the patent showed only a maximum of fourteen people viewing the display system. (*Id.*) Similarly, Plaintiff argued that the "positioning means" for the display system had to be moveable even though there were examples in the patents showing a building serving as a "positioning means" as well as a "positioning means" which placed the display system at one height relative to the audience. (Ex. M, p. 15-16). These arguments are just two examples of constructions raised by Plaintiff that are plainly contradicted on the face of the patents. The objective weakness of these claims further contributed to the exceptionality of this case. (Dkt. No. 249 at 11, n.3) ("[The Federal Circuit] takes no issue with the district court's conclusion that the objective weakness of [the] proposed constructions is a legitimate factor to consider in the court's exceptionality analysis.").

Finally, in its opposition to the Motion for Attorney's fees, Plaintiff cited to a privilege-protected email that was inadvertently sent to Plaintiff's counsel. It was clear from the face of the email that it was intended only for the Defendants and their counsel. Plaintiff never notified Defendant that it had received this email, and Defendant's counsel did not notice on his own. It was not until Plaintiff attached the email to its opposition and cited to it that Defendant realized Plaintiff's counsel had the email.

Thus, from the very early stages of this case until the attorney's fees stage, there has been exceptional conduct by Plaintiff. This case stands out because Plaintiff's counsel has taken measures to create proper venue, used privileged emails he inadvertently received, and because of the overall weakness of the merits of Plaintiff's positions taken at the PTO. Accordingly, this Court finds that the case is exceptional and justifies an award of attorney's fees.

Defendants argue that they are entitled to a total award of $755,925.86 in attorney's fees and $22,511.52 in costs. A court may award fees that "bear some relation to the extent of the

3

1   misconduct." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001); *Beckman*

2   *Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553 (Fed. Cir. 1989). "The party seeking

3   fees bears the burden of documenting the hours expended in the litigation and must submit

4   evidence supporting those hours and the rates claimed." *Welch v. Metropolitan Life Ins. Co.*, 480

5   F.3d 942, 945-46 (9th Cir. 2007).

6        Defendant's counsel Andrew Langsam's hourly rate ranged from $595 in 2009 to $690 in

7   2015. Those rates were discounted to Defendants by fifteen percent. Defendants did not include a

8   breakdown of any of the rates requested for the associates or other partners who billed on the

9   matter. Instead, Defendants provided 260 pages of line item billing statements which include the

10   rate of the attorney on each entry.

11        Mr. Langsam's hourly rate is reasonable for the work performed on this case. He is a

12   highly regarded lawyer in intellectual property litigation. Additionally, the Los Angeles market

13   rate for patent litigation is in line with the rates requested by Mr. Langsam. *See e.g.*, *Kim Laube &*

14   *Co. v. Wahl Clipper Corp.*, 2013 WL 12085140, *6 (C.D. Cal. Nov. 16, 2013) (finding hourly rate

15   of $750 reasonable for patent litigation partner); *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL

16   1746484, *16-21 (C.D. Cal. March 24, 2015). Based on this Court's experience, the rates charged

17   by Mr. Langsam are reasonable in the Southern California patent litigation market. The only

18   challenge Plaintiff makes to Mr. Langsam's rate is that it is not tailored to the Los Angeles market.

19   This argument is plainly contradicted in Mr. Langsam's declaration supporting the Motion for

20   Attorney's fees. (Dkt. No. 224, ¶ 34.) Indeed, in the very same paragraph which Plaintiff cites for

21   the proposition that Mr. Langsam failed to provide evidence of reasonable hourly rates in Los

22   Angeles, Defendant cites to a case from the Central District of California approving fees in line

23   with Mr. Langsam's requested rate. Accordingly, this Court finds that the rates charged by Mr.

24   Langsam were reasonable in this case.

25        The remaining lawyers who billed on the case have not submitted sufficient factual support

26   to justify their rates. Accordingly, the Court orders further briefing in support and opposition to

27   the reasonableness of the rates charged by Defendants' lawyers.

28        Thus far, both parties have failed to sufficiently brief the reasonableness of Defendants'

requested hours. Defendant submitted 260 pages of line-item billing statements. In its opposition to the motion, Plaintiff argued in general terms that the hours submitted were unreasonable and unnecessary, but stated that due to page length constraints, it was unable to provide a detailed response. In its reply, Defendants similarly noted that they would be willing to participate in further briefing to determine the proper amount of fees. Given the voluminous record, and in an effort to conserve judicial resources, the Court orders further briefing in support of and opposition to the reasonableness and necessity of the hours requested. *Cf. Fox v. Vice*, 563 U.S. 826, 838 (2011) ("trial courts need not, and indeed should not, become green-eyeshade accountants").

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees, Costs, and Expenses (Dkt. No. 223) is GRANTED in part.

**IT IS HEREBY FURTHER ORDERED** that Defendant shall submit a motion in support of its requested attorney's fees addressing the issues detailed in this Order by April 14, 2017. Plaintiff may oppose by April 21, 2017 and Defendant may reply by April 28, 2017.

Dated: April 10, 2017.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LARGE AUDIENCE DISPLAY SYSTEMS, LLC,

                  Plaintiff,

    v.

TENNMAN PRODUCTIONS, LLC, et al.,

                 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 11-3398-R

ORDER GRANTING DEFENDANTS'
MOTION FOR RECOVERY OF
ATTORNEY'S FEES, COSTS, AND
EXPENSES

      Before the Court is Defendants' Motion for Recovery of Attorney's Fees, Costs, and Expenses (Dkt. No. 258) which was filed on April 14, 2017 pursuant to this Court's order for further briefing (Dkt. No. 257).

      This Court has already determined that the case is exceptional under 35 U.S.C. Section 285.  However, following the remand from the Federal Circuit, the Court required a more thorough analysis of the requested rates and hours than previous time and space limitations had allowed.  Accordingly, at the Court's request, the parties have filed more detailed briefing supporting and opposing the requested rates and hours of Defendants' attorneys.  Upon this record, and the previous record regarding attorney's fees, the Court is now able to calculate the lodestar figure.

Defendants argue that they are entitled to an award of $755,925.86 in attorney's fees and $22,511.52 in costs. If a court finds that a case is "exceptional" under § 285, it may award fees that "bear some relation to the extent of the misconduct." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553 (Fed. Cir. 1989). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

Attorney's fees awarded under § 285 must "bear some relation to the extent of the misconduct." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001) (citations omitted). "[T]he Federal Circuit has identified certain circumstances in which full fees may not be warranted: (1) when litigation conduct is the sole basis for deeming a case 'exceptional,' and (2) cases where the injured party only partially prevails on the patent claims at issue." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1166 (N.D. Cal. 2015). District courts are not required to tie fees directly to each instance of exceptionality "because it is the 'totality of the circumstances,' and not just discrete acts of litigation conduct, that justify the court's award of fees." *Homeland Housewares, LLC v. Sorensen Research*, 581 Fed.App'x 877, 881 (Fed. Cir. 2014).

Plaintiff's suggestion that any fees awarded in this case must "only compensate for the extra legal expense caused by the litigation misconduct" is unpersuasive. First, litigation conduct was not the sole basis for the finding of exceptionality. This Court found that the case was exceptional because Plaintiff's efforts to manufacture venue, the use of a privileged email, and because of the overall weakness of the merits of Plaintiff's positions taken at the Patent and Trademark Office. It was not only Plaintiff's conduct throughout the litigation, but also the objective weakness of Plaintiff's proposed constructions before the Patent Trial and Appeal Board. *See Kilopass*, 82 F. Supp. 3d at 1166 ("While Kilopass was found to have engaged in litigation misconduct, that was not the sole basis for deeming this case exceptional. Sidense ultimately prevailed on every claim asserted by Kilopass, which the Court characterized as 'exceptionally meritless' and 'objectively baseless.'"). Second, this Court held that Plaintiff's misconduct

2

1  permeated throughout the entirety of this matter.  From the start of this litigation until the motion

2  for attorney's fees, Plaintiff's conduct has stood out from the usual case.  Accordingly, Defendants

3  are entitled to their full fee as calculated by the lodestar method.

4         Courts awarding fees under § 285 calculate the attorney's fees based on the traditional

5  lodestar method.  The lodestar figure is calculated by multiplying the hours reasonably expended

6  by a reasonable hourly rate.  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  "Although in most cases,

7  the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances

8  warrant, adjust the lodestar to account for other factors which are not subsumed within it."

9  *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted).

10        To determine a reasonable hourly rate, courts are guided by the prevailing market rate.

11 *Blum*, 465 U.S. at 895.  Courts look to the attorneys' skill, experience, and reputation as compared

12 to others in the market.  *Id.* at 896.  In determining the hours expended, Courts only award fees for

13 "hours reasonably expended on the litigation" excluding "hours that are excessive, redundant, or

14 otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).

15        On remand, the Federal Circuit specifically instructed that this Court determine the

16 prevailing market rate for California despite Defendants' lawyers' location in New York and

17 "determine whether it was reasonable for seven partners to have billed 79 percent of the total

18 hours on this case[.]"  (Dkt  No. 249 at 12-3).  Defendants contend that they should be awarded

19 the full amount of their requested fees.  Plaintiff argues that Defendants failed to provide sufficient

20 evidence to prove the associates' hourly rate and that the hours requested were redundant,

21 unspecific, and excessive.

22        In its previous order, the Court found that Mr. Langsam's hourly rate ranging from $595 to

23 $690 was reasonable.  (Dkt. No. 257).  In addition to Mr. Langsam, six partners, two counsel, and

24 nine associates billed on the matter.  Each of the six partners billed at rates lower than those

25 approved by the court in *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484 (C.D. Cal. March

26 24, 2015).  *Id.* at *16-21.   Brad Rose billed at the highest hourly rate of any partner on the matter.

27 Still, Mr. Rose's average rate of $744.55 per hour is lower than the range approved for the senior

28 partner in *Perfect 10*.  Furthermore, Mr. Rose is a prominent litigator in the entertainment

3

intellectual property field and recognized as a top lawyer by legal publications. Michael Nibroski and Barry Negrin have 18 and 19 years of legal experience, respectively. Both are partners in the patent group. Mr. Nibroski's average rate of $572.04 and Mr. Negrin's average rate of $501.25 are each supported by their experience and lower than the comparable rates approved in *Perfect 10*. Finally, the remaining partners on the case, Klaiber, Amsellem, and deBrauwere each had more than 15 years of experience, and billed at a rate lower than partners with comparable experience in *Perfect 10*. The rates are also in line with economic surveys compiling average rates billed by lawyers of similar qualifications. Though the surveys have their limitations, they further support the reasonableness of the attorneys' rates. The 2013 AIPLA survey indicates that the average hourly rate charged by intellectual property lawyers in Los Angeles is $557 per hour and contains average rates broken down by years of experience. Similarly, the 2015 Real Rate Report indicates that the median rate for intellectual property partners was $654.58 per hour.

The associates also billed at an hourly rate in line with the prevailing market rate. The two senior associates, with 7 and 6 years of experience, billed at an average rate of $411.17 and $375.00, respectively. In *Perfect 10*, associates with 7 years of experience billed at an hourly rate of $640. Similarly, junior associates billed at an average hourly rate between $385.00 and $296.07 per hour. Each rate is lower than those approved in *Perfect 10*. According to the 2015 Real Rate Report, the median rate for intellectual property associates was $450 per hour.

Plaintiff argues that Defendants "fail[] to identify any record evidence proving the qualifications, experience and role of the" timekeepers other than Mr. Langsam. (Opp. at 3). Plaintiff is incorrect. Defendants compiled charts detailing the names and experience of each lawyer who billed any time on the matter. They provided three pages of argument laying out the qualifications and role of partners who billed on the matter. Relying on other decisions in this district as well as quantitative studies by legal publications, the Court is able to determine that each of the lawyers and staff who billed any time on this case was qualified and skilled relative to others in the market. Therefore, the attorneys' rates are reasonable compared to the prevailing market rates for lawyers of similar experience and skill.

Of the group of lawyers billing on the matter, Mr. Langsam accounted for 62% of all hours

billed. No other lawyer accounted for even 10%. The next highest biller on the matter was Michael Nibroski. He was the lead attorney on initial discovery and the local Los Angeles counsel. Mr. Rose was the primary contact for Plaintiffs and the reason they were clients of the firm. Together, the team of Langsam, Nibroski, Negrin, Rose, and two associates accounted for more than 90% of all the fees billed on this case. Partners billed a total of 67% of all hours in the case. The Federal Circuit appears to have mistaken the total percentage of *fees* billed by partners, which is 79%, for the total percentage of *hours* billed on the case. Defendant asserts that Mr. Langsam and other partners performed such a substantial portion of the work for two main reasons. First, Pryor Cashman does not hire associates who specialize in patent litigation. Second, Mr. Langsam was able to save time and client money by primarily handling the case thereby not requiring duplicative acquaintance with the case and law by associates on the case. This Court is satisfied that the amount and proportion of time billed by partners in this matter was reasonable. The lack of specific patent associates at the firm decreases the cost savings which may have been possible by delegating work from a partner to associates. Patent litigation is a unique practice area which would require significant time for an unfamiliar associate to gain a base level of familiarity and understanding. Therefore, Mr. Langsam's decision to handle the majority of the litigation on his own was reasonable and plausibly saved his clients money.

Plaintiff argues that, for a variety of reasons, Defendants failed to meet their burden to show that the hours expended on the case were reasonable. Plaintiff claims that Defendants engaged in block billing, failed to provide sufficient detail to assess the hours, and used partners for tasks which should have been reserved for associates or staff.

Defendants billing records are thorough and provide the Court with a substantial basis by which to judge the reasonableness of the hours expended. "'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007). The concern with block billing is that it makes it more difficult to determine the amount of time spent on each individual task. *Id.* Even a cursory review of Defendants' billing records show that the attorneys on the matter bill in increments less than three

hours in the majority of entries. Furthermore, the descriptions of work performed in the billed time are consistently thorough. Oddly, Plaintiff also laments Defendants' lawyers billing in half-hour increments. (Opp. at 7). It is unclear how Plaintiff would recommend that the lawyers bill their hours if both large and small increments make it impossible for the Court to assess the hours' reasonableness. Regardless, even the records which contain larger blocks of time provide substantial detail regarding the work performed by the lawyer. For example, an entry on September 25, 2012 indicates that Mr. Langsam spent 4.5 hours on the following: "Review Action Closing Prosecution in the Reexamination of the LADS patent, review comments and responses by LADS, prepare a set of Responses and Comments, including section on IDS, on language of claims, on Olympics, etc. Contact with client's representative [redacted]." This description contains a detailed review of the tasks Mr. Langsam preformed. Furthermore, the use of redaction in this instance, as with the billing records on the whole, does not prevent this Court from determining the reasonableness of the hours billed.

Though the general billing practices of the Pryor Cashman lawyers were sufficiently detailed and thorough, there are instances where lawyers, and specifically partners, spent time billing on matters more appropriately left to associates or staff. For example, as the Federal Circuit noted, Mr. Nibroski billed multiple hours filing documents and preparing pro hac vice applications. (*See e.g.* Dkt. No. 224-2, pg. 66, 99). Similarly, Mr. Langsam billed time for obtaining copies of DVDs and reviewing websites. (*See e.g.* Dkt. No. 224-2, pg. 5, 103). These tasks are more appropriately billed at the rate of an associate or support staff. *Missouri v. Jenkins by Ageyi*, 491 U.S. 274, 288 n.10 (1989). Defendants fail to explain the issues identified by the Federal Circuit in either of their post-appeal filings. After a review of the billing records, the Court finds that a minor reduction is warranted. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). The Court will reduce 5 percent of the hours billed by Mr. Langsam and Mr. Nibroski from their average hourly rate to the average hourly rate requested by a paralegal at Pryor Cashman. Such a reduction will appropriately

compensate for the work performed by the two partners which could have been performed by someone billing at lower hourly rate. Accordingly, the Court will reduce the requested fees by a total of $18,913.52.[1]

Finally, Plaintiff argues that Defendants failed to "prove up" their costs. Plaintiff does not explain how the costs were unreasonable, but rather claims that Defendants failed to meet their burden to support the costs. Defendants' counsel declared that all of the costs were all necessary and actually billed to the clients. Furthermore, the records of the costs include descriptions which explain why the costs were incurred. Each cost was reasonable. Plaintiff's complaints regarding payments to other law firms as "professional fees" is unavailing as this complex case was located in two states requiring consultation with local lawyers in both. Additionally, the case entailed a number of law firms. It was reasonable and appropriate for Defendants to consult with them. Accordingly, the Court finds that the costs requested by Defendants are reasonable.

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees, Costs, and Expenses (Dkt. No. 223) is GRANTED in the amount of $737,012.34 in fees and $22,511.52 in costs as stated this Order.

Dated: June 2, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

---

[1] Five percent of Langsam's total hours is 18.05 hours. Multiplied by his average rate of $635.43 equals $11,473.64. A paralegal billing an equivalent amount of hours at the rate of $172.98 equals $3,122.28. The difference between the two being $8,352, multiplied by 2 (for the two defendants), equals $16,702.72. The same calculation for Nibroski equates to $2,210.80. The combined total reduction is $18,913.52.

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LARGE AUDIENCE DISPLAY SYSTEMS, LLC,

                  Plaintiff,

    v.

TENNMAN PRODUCTIONS, LLC, et al.,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 11-3398-R

AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR RECOVERY OF ATTORNEY'S FEES, COSTS, AND EXPENSES

      Before the Court is Defendants' Motion for Recovery of Attorney's Fees, Costs, and Expenses (Dkt. No. 258) which was filed on April 14, 2017 pursuant to this Court's order for further briefing (Dkt. No. 257).

      This Court has already determined that the case is exceptional under 35 U.S.C. Section 285. However, following the remand from the Federal Circuit, the Court required a more thorough analysis of the requested rates and hours than previous time and space limitations had allowed. Accordingly, at the Court's request, the parties have filed more detailed briefing supporting and opposing the requested rates and hours of Defendants' attorneys. Upon this record, and the previous record regarding attorney's fees, the Court is now able to calculate the lodestar figure.

Defendants argue that they are entitled to an award of $755,925.86 in attorney's fees and $22,511.52 in costs. If a court finds that a case is "exceptional" under § 285, it may award fees that "bear some relation to the extent of the misconduct." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553 (Fed. Cir. 1989). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

Attorney's fees awarded under § 285 must "bear some relation to the extent of the misconduct." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001) (citations omitted). "[T]he Federal Circuit has identified certain circumstances in which full fees may not be warranted: (1) when litigation conduct is the sole basis for deeming a case 'exceptional,' and (2) cases where the injured party only partially prevails on the patent claims at issue." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1166 (N.D. Cal. 2015). District courts are not required to tie fees directly to each instance of exceptionality "because it is the 'totality of the circumstances,' and not just discrete acts of litigation conduct, that justify the court's award of fees." *Homeland Housewares, LLC v. Sorensen Research*, 581 Fed.App'x 877, 881 (Fed. Cir. 2014).

Plaintiff's suggestion that any fees awarded in this case must "only compensate for the extra legal expense caused by the litigation misconduct" is unpersuasive. First, litigation conduct was not the sole basis for the finding of exceptionality. This Court found that the case was exceptional because Plaintiff's efforts to manufacture venue, the use of a privileged email, and because of the overall weakness of the merits of Plaintiff's positions taken at the Patent and Trademark Office. It was not only Plaintiff's conduct throughout the litigation, but also the objective weakness of Plaintiff's proposed constructions before the Patent Trial and Appeal Board. *See Kilopass*, 82 F. Supp. 3d at 1166 ("While Kilopass was found to have engaged in litigation misconduct, that was not the sole basis for deeming this case exceptional. Sidense ultimately prevailed on every claim asserted by Kilopass, which the Court characterized as 'exceptionally meritless' and 'objectively baseless.'"). Second, this Court held that Plaintiff's misconduct

2

permeated throughout the entirety of this matter.  From the start of this litigation until the motion for attorney's fees, Plaintiff's conduct has stood out from the usual case.  Accordingly, Defendants are entitled to their full fee as calculated by the lodestar method.

Courts awarding fees under § 285 calculate the attorney's fees based on the traditional lodestar method.  The lodestar figure is calculated by multiplying the hours reasonably expended by a reasonable hourly rate.  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted).

To determine a reasonable hourly rate, courts are guided by the prevailing market rate. *Blum*, 465 U.S. at 895.  Courts look to the attorneys' skill, experience, and reputation as compared to others in the market.  *Id.* at 896.  In determining the hours expended, Courts only award fees for "hours reasonably expended on the litigation" excluding "hours that are excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).

On remand, the Federal Circuit specifically instructed that this Court determine the prevailing market rate for California despite Defendants' lawyers' location in New York and "determine whether it was reasonable for seven partners to have billed 79 percent of the total hours on this case[.]"  (Dkt  No. 249 at 12-3).  Defendants contend that they should be awarded the full amount of their requested fees.  Plaintiff argues that Defendants failed to provide sufficient evidence to prove the associates' hourly rate and that the hours requested were redundant, unspecific, and excessive.

In its previous order, the Court found that Mr. Langsam's hourly rate ranging from $595 to $690 was reasonable.  (Dkt. No. 257).  In addition to Mr. Langsam, six partners, two counsel, and nine associates billed on the matter.  Each of the six partners billed at rates lower than those approved by the court in *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484 (C.D. Cal. March 24, 2015).  *Id.* at *16-21.   Brad Rose billed at the highest hourly rate of any partner on the matter.  Still, Mr. Rose's average rate of $744.55 per hour is lower than the range approved for the senior partner in *Perfect 10*.  Furthermore, Mr. Rose is a prominent litigator in the entertainment

3

intellectual property field and recognized as a top lawyer by legal publications. Michael Niborski and Barry Negrin have 18 and 19 years of legal experience, respectively. Both are partners in the patent group. Mr. Niborski's average rate of $572.04 and Mr. Negrin's average rate of $501.25 are each supported by their experience and lower than the comparable rates approved in *Perfect 10*. Finally, the remaining partners on the case, Klaiber, Amsellem, and deBrauwere each had more than 15 years of experience, and billed at a rate lower than partners with comparable experience in *Perfect 10*. The rates are also in line with economic surveys compiling average rates billed by lawyers of similar qualifications. Though the surveys have their limitations, they further support the reasonableness of the attorneys' rates. The 2013 AIPLA survey indicates that the average hourly rate charged by intellectual property lawyers in Los Angeles is $557 per hour and contains average rates broken down by years of experience. Similarly, the 2015 Real Rate Report indicates that the median rate for intellectual property partners was $654.58 per hour.

The associates also billed at an hourly rate in line with the prevailing market rate. The two senior associates, with 7 and 6 years of experience, billed at an average rate of $411.17 and $375.00, respectively. In *Perfect 10*, associates with 7 years of experience billed at an hourly rate of $640. Similarly, junior associates billed at an average hourly rate between $385.00 and $296.07 per hour. Each rate is lower than those approved in *Perfect 10*. According to the 2015 Real Rate Report, the median rate for intellectual property associates was $450 per hour.

Plaintiff argues that Defendants "fail[] to identify any record evidence proving the qualifications, experience and role of the" timekeepers other than Mr. Langsam. (Opp. at 3). Plaintiff is incorrect. Defendants compiled charts detailing the names and experience of each lawyer who billed any time on the matter. They provided three pages of argument laying out the qualifications and role of partners who billed on the matter. Relying on other decisions in this district as well as quantitative studies by legal publications, the Court is able to determine that each of the lawyers and staff who billed any time on this case was qualified and skilled relative to others in the market. Therefore, the attorneys' rates are reasonable compared to the prevailing market rates for lawyers of similar experience and skill.

Of the group of lawyers billing on the matter, Mr. Langsam accounted for 62% of all hours

billed. No other lawyer accounted for even 10%. The next highest biller on the matter was Michael Niborski. He was the lead attorney on initial discovery and the local Los Angeles counsel. Mr. Rose was the primary contact for Defendants and the reason they were clients of the firm. Together, the team of Langsam, Niborski, Negrin, Rose, and two associates accounted for more than 90% of all the fees billed on this case. Partners billed a total of 67% of all hours in the case. The Federal Circuit appears to have mistaken the total percentage of *fees* billed by partners, which is 79%, for the total percentage of *hours* billed on the case. Defendants asserts that Mr. Langsam and other partners performed such a substantial portion of the work for two main reasons. First, Pryor Cashman does not hire associates who specialize in patent litigation. Second, Mr. Langsam was able to save time and client money by primarily handling the case thereby not requiring duplicative acquaintance with the case and law by associates on the case. This Court is satisfied that the amount and proportion of time billed by partners in this matter was reasonable. The lack of specific patent associates at the firm decreases the cost savings which may have been possible by delegating work from a partner to associates. Patent litigation is a unique practice area which would require significant time for an unfamiliar associate to gain a base level of familiarity and understanding. Therefore, Mr. Langsam's decision to handle the majority of the litigation on his own was reasonable and plausibly saved his clients money.

Plaintiff argues that, for a variety of reasons, Defendants failed to meet their burden to show that the hours expended on the case were reasonable. Plaintiff claims that Defendants engaged in block billing, failed to provide sufficient detail to assess the hours, and used partners for tasks which should have been reserved for associates or staff.

Defendants billing records are thorough and provide the Court with a substantial basis by which to judge the reasonableness of the hours expended. "'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007). The concern with block billing is that it makes it more difficult to determine the amount of time spent on each individual task. *Id.* Even a cursory review of Defendants' billing records show that the attorneys on the matter bill in increments less than three

hours in the majority of entries. Furthermore, the descriptions of work performed in the billed time are consistently thorough. Oddly, Plaintiff also laments Defendants' lawyers billing in half-hour increments. (Opp. at 7). It is unclear how Plaintiff would recommend that the lawyers bill their hours if both large and small increments make it impossible for the Court to assess the hours' reasonableness. Regardless, even the records which contain larger blocks of time provide substantial detail regarding the work performed by the lawyer. For example, an entry on September 25, 2012 indicates that Mr. Langsam spent 4.5 hours on the following: "Review Action Closing Prosecution in the Reexamination of the LADS patent, review comments and responses by LADS, prepare a set of Responses and Comments, including section on IDS, on language of claims, on Olympics, etc. Contact with client's representative [redacted]." This description contains a detailed review of the tasks Mr. Langsam preformed. Furthermore, the use of redaction in this instance, as with the billing records on the whole, does not prevent this Court from determining the reasonableness of the hours billed.

Though the general billing practices of the Pryor Cashman lawyers were sufficiently detailed and thorough, there are instances where lawyers, and specifically partners, spent time billing on matters more appropriately left to associates or staff. For example, as the Federal Circuit noted, Mr. Niborski billed multiple hours filing documents and preparing pro hac vice applications. (*See e.g.* Dkt. No. 224-2, pg. 66, 99). Similarly, Mr. Langsam billed time for obtaining copies of DVDs and reviewing websites. (*See e.g.* Dkt. No. 224-2, pg. 5, 103). These tasks are more appropriately billed at the rate of an associate or support staff. *Missouri v. Jenkins by Ageyi*, 491 U.S. 274, 288 n.10 (1989). Defendants fail to explain the issues identified by the Federal Circuit in either of their post-appeal filings. After a review of the billing records, the Court finds that a minor reduction is warranted. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). The Court will reduce 5 percent of the hours billed by Mr. Langsam and Mr. Niborski from their average hourly rate to the average hourly rate requested by a paralegal at Pryor Cashman. Such a reduction will appropriately

1  compensate for the work performed by the two partners which could have been performed by

2  someone billing at lower hourly rate.  Accordingly, the Court will reduce the requested fees by a

3  total of $18,913.52.[1]

4        Finally, Plaintiff argues that Defendants failed to "prove up" their costs.  Plaintiff does not

5  explain how the costs were unreasonable, but rather claims that Defendants failed to meet their

6  burden to support the costs.  Defendants' counsel declared that all of the costs were all necessary

7  and actually billed to the clients.  Furthermore, the records of the costs include descriptions which

8  explain why the costs were incurred.  Each cost was reasonable.  Plaintiff's complaints regarding

9  payments to other law firms as "professional fees" is unavailing as this complex case was located

10  in two states requiring consultation with local lawyers in both.  Additionally, the case entailed a

11  number of law firms.  It was reasonable and appropriate for Defendants to consult with them.

12  Accordingly, the Court finds that the costs requested by Defendants are reasonable.

13      **IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees, Costs, and

14  Expenses (Dkt. No. 223) is GRANTED in the amount of $737,012.34 in fees and $22,511.52 in

15  costs as stated this Order.

17  Dated: June 9, 2017.

_____
          MANUEL L. REAL
      UNITED STATES DISTRICT JUDGE

---

[1]Five percent of Langsam's total hours is 18.05 hours.  Multiplied by his average rate of $635.43 equals $11,473.64.  A paralegal billing an equivalent amount of hours at the rate of $172.98 equals $3,122.28.  The difference between the two being $8,352, multiplied by 2 (for the two defendants), equals $16,702.72.  The same calculation for Niborski equates to $2,210.80.  The combined total reduction is $18,913.52.